Filed 12/17/14; pub. order 1/15/15 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C075885 |
| Plaintiff and Respondent, | (Super. Ct. No. P10CRF0460) |
| v. | |
| SEAN PATRICK MULCREVY, | |
| Defendant and Appellant. | |

Defendant Sean Patrick Mulcrevy contends the trial court violated his due process rights by erroneously precluding him from presenting the affirmative defense that he was permitted to possess concentrated cannabis pursuant to the Compassionate Use Act of 1996 (CUA), and there is insufficient evidence to support the finding he violated his probation by possessing concentrated cannabis because he has an adequate physician's recommendation. The Attorney General agrees, and so do we. Accordingly, we reverse the judgment that defendant violated his probation by possessing concentrated cannabis.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, defendant pleaded no contest to unlawful exhibition of a firearm (Pen. Code, § 417, subd. (a)(2)) and grand theft (Pen. Code, § 487, subd. (a)). The trial court suspended imposition of sentencing and granted defendant formal probation for a period of 36 months. Among the terms of his probation, defendant was ordered to "obey all laws" and "not to use or possess any controlled substance, including marijuana, unless you [defendant] have a licensed prescription for the marijuana that is approved by the court."

Defendant was thereafter charged, in 2013, with misdemeanor unlawful possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)),[1] and was alleged to have violated his probation based on that possession.[2] The alleged probation violation was that defendant failed to "obey all laws."

Defendant moved in limine for the trial court to take judicial notice of an Attorney General's opinion (86 Ops.Cal.Atty.Gen. 180 (2003)) that concentrated cannabis is "marijuana" as that term is used in the CUA. The People moved to exclude evidence of the CUA, contending the reference to the term "marijuana" in the act precludes an interpretation that concentrated cannabis is also covered by the act because marijuana and concentrated cannabis are elsewhere separately defined and punished. The trial court reviewed the existing persuasive authority (86 Ops.Cal.Atty.Gen. 180 (2003); CALCRIM No. 2377) indicating that concentrated cannabis is covered by the CUA, rejected the authority as "unsound," and ruled that "the [CUA] does not apply to concentrated cannabis" because the CUA does not define marijuana, refer to concentrated cannabis, or

---

[1] Undesignated statutory references are to the Health and Safety Code.

[2] Defendant also appealed his misdemeanor conviction; however, that appeal is being heard by the appellate division of the superior court. Therefore, we limit our analysis to the probation violation.

2

incorporate statutory definitions of either term.  Defendant unsuccessfully moved for reconsideration of that ruling.

The evidence adduced at the simultaneous court trial on defendant's possession charge and alleged probation violation was as follows:  A sheriff's deputy performed a probation search on defendant, who admitted he had marijuana on him, and found 0.16 grams of honey oil (recognized by the officer as concentrated cannabis), 0.05 grams of "dabs" (also recognized as concentrated cannabis), and 3.33 grams of marijuana in three separate bags in defendant's pants pocket.

Defendant testified he had a recommendation from a physician to use marijuana and THC to treat his migraines and acid reflux and had purchased the marijuana, dabs, and honey oil at a medical marijuana store for that purpose.  The doctor who provided the recommendation worked for "Sacramento 420 Evaluations."  Defendant admitted he did not disclose to the doctor that he was on probation, nor did he provide the doctor with any of his medical records.  Defendant testified he did not apply to the court for permission to use medical marijuana, but believed he was complying with the terms of his probation in using the medical marijuana upon the recommendation of a physician.

The trial court found defendant had violated his probation by possessing concentrated cannabis.[3]  The court characterized defendant's medical marijuana

---

[3]  The court also found that defendant failed to comply with the terms of his probation requiring defendant to seek court approval of a medical marijuana recommendation. However, that was not alleged as the basis of the probation violation; the allegation was that defendant had failed to "obey all laws."  Since failure to comply with the terms of probation was not alleged in the revocation petition, it would violate due process notice requirements for the trial court to revoke probation or find a violation of probation based on that theory.  (See *People v. Vickers* (1972) 8 Cal.3d 451, 457-460; see also *People v. Urke* (2011) 197 Cal.App.4th 766, 776.)  That is especially true here, where the only evidence that defendant failed to obtain court permission to use medical marijuana—the probation term purportedly violated—is defendant's testimony.  If it had been alleged defendant failed to comply with the terms of his probation, he may have elected not to

3

recommendation as "suspect, a[t] best" in that defendant did not disclose his probation status to the recommending physician and the recommendation was obtained from a business designed to provide these recommendations without any medical information being provided. Therefore, the court concluded that even if the CUA does apply to concentrated cannabis, defendant did not have a valid medical marijuana recommendation. However, the trial court later described defendant's recommendation as "facially valid."

The court extended defendant's probation for 24 months on the existing terms and stayed execution of the sentence pending appeal.

## DISCUSSION

Criminal defendants have a due process right to "be afforded a meaningful opportunity to present a complete defense." (*California v. Trombetta* (1984) 467 U.S. 479, 485 [81 L.Ed.2d 413, 419].) Defendant contends, and the Attorney General agrees, the trial court violated that right when it prevented him from presenting an affirmative defense based on the CUA against the allegation he violated his probation by possessing concentrated cannabis in contravention of section 11357, which criminalizes the possession of marijuana and concentrated cannabis. If defendant's due process rights were violated by that error, then we must reverse the trial court's order finding defendant had violated his probation unless the error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705].) We conclude the court did err in precluding the defense because concentrated cannabis is covered by the CUA, and there is insufficient evidence defendant violated his probation in light of that

---

testify. Thus, due process principles preclude us from relying on defendant's failure to obtain court approval as a basis for affirming the trial court's judgment that defendant had violated his probation.

conclusion.  Therefore, we also conclude the court's error was not harmless and we reverse the trial court's judgment.

The CUA expressly states that "Section 11357, relating to the possession of marijuana . . . shall not apply to a patient . . . who possesses . . . marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." (§ 11362.5, subd. (d).)  This statute has been interpreted to decriminalize possession of marijuana where the defendant has a recommendation from a physician to possess marijuana for medical purposes and permits a defendant to raise a medical defense at trial if he can demonstrate a reasonable doubt of those facts.  (*People v. Mower* (2002) 28 Cal.4th 457, 471, 474-475, 477-479.)  Here, there is no dispute that defendant had a "facially valid" physician's recommendation to use medical marijuana, defendant presented evidence he possessed the concentrated cannabis to treat his medical conditions, and no evidence was presented to the contrary.  Nonetheless, the trial court found that the affirmative defense codified in section 11362.5 did not apply because the court concluded "concentrated cannabis" is not "marijuana" for purposes of the CUA.

We review the trial court's statutory interpretation of the CUA independently because it involves a pure question of law.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)  "In construing statutes, we start with the language of the statute.  [Citation.]  ' "Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an initiative measure [citation] and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language." ' "  (*People v. Urziceanu* (2005) 132 Cal.App.4th 747, 768.)  The body enacting a new law is also " ' "deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof." ' "  (*People v. Scott* (2014) 58 Cal.4th 1415, 1424; *Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1048.)

5

In November 1996, voters in California approved Proposition 215, the CUA. (§ 11362.5; *People v. Urziceanu*, *supra*, 132 Cal.App.4th at p. 767.) One of the stated purposes of the CUA is "[t]o ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the use of marijuana . . . ." (§ 11362.5, subd. (b)(1)(A).) To this end, the CUA states that "Section 11357, relating to the possession of marijuana . . . shall not apply to a patient . . . who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." (§ 11362.5, subd. (d).)

The CUA does not define marijuana or concentrated cannabis. Those terms had already been defined when the CUA was approved by voters; therefore, the CUA adopts those existing definitions. (*People v. Scott*, *supra*, 58 Cal.4th at p. 1424.) Former section 11018, added in 1972 and in effect at the time the CUA was adopted, defined "marijuana" as "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin" and excluded hemp. (Stats. 1972, ch. 1407, § 3, pp. 2987, 2989.) Section 11006.5, added in 1975, defines "concentrated cannabis" as "the separated resin, whether crude or purified, obtained from marijuana." (Stats. 1975, ch. 248, § 1, p. 641.) Thus, based on the plain language of the statutes, for purposes of the CUA, "concentrated cannabis" is "marijuana": The statutory definition of "marijuana" includes the resin extracted from the Cannabis sativa L. plant and "concentrated cannabis" is that resin. Therefore, the trial court erred when it found that possession of concentrated cannabis is not covered by the CUA.

Persuasive authority supports our conclusion. The Attorney General, in its 2003 opinion specifically addressing whether "concentrated cannabis" is included within the meaning of "marijuana" for purposes of the CUA concluded that it is. (86 Ops.Cal.Atty.Gen. 180 (2003).) The trial court disregarded this opinion as "poorly reasoned." We disagree. The Attorney General relied on section 11001, which provides that the definitions contained in sections 11002 through 11003 govern construction of the California Uniform Controlled Substances Act, including the CUA, "[u]nless context requires otherwise," to deduce that the definition of "marijuana" codified in section 11018 applies to the CUA. (86 Ops.Cal.Atty.Gen. 180, 185-186 (2003).) The Attorney General further reasoned that the plain language of the codified definition of "concentrated cannabis" in section 11006.5 falls within the statutory definition of "marijuana" codified in section 11018; that a different interpretation of the terms "marijuana" and "concentrated cannabis" would render language in section 11357, subdivision (b), differentiating "concentrated cannabis" and "marijuana, other than concentrated cannabis" superfluous, a result we attempt to avoid in statutory construction; and nothing in the CUA or any of the ballot materials accompanying Proposition 215 indicated any intent to treat concentrated cannabis differently from other marijuana for purposes of the CUA. (86 Ops.Cal.Atty.Gen. 180, 190-194 (2003).) We find nothing in the Attorney General's reasoning to give us pause. And, apparently, neither did the Judicial Council when it accepted jury instruction CALCRIM No. 2377, which incorporates the CUA as an affirmative defense to possession of concentrated cannabis based in large part on the Attorney General's opinion.

Because "concentrated cannabis" is "marijuana" for purposes of the CUA, the trial court erred in precluding defendant from presenting a medical defense based on its contrary conclusion. This error violated defendant's due process right to present a defense since the CUA decriminalizes possession of marijuana when, as is the case here,

7

defendant has a "facially valid" recommendation from a physician to possess marijuana for treatment of a medical condition. Moreover, since the trial court's determination that defendant violated his probation was premised upon its erroneous finding that defendant's possession of concentrated cannabis was unlawful, we find insufficient evidence to support that determination in light of our conclusion that the CUA applies to possession of concentrated cannabis. Accordingly, we reverse the trial court's judgment that defendant violated his probation.

## DISPOSITION

The judgment is reversed.

      BUTZ      , J.

We concur:

      RAYE      , P. J.

      BLEASE      , J.

**CERTIFIED FOR PUBLICATION**


# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C075885 |
| Plaintiff and Respondent, | (Super. Ct. No. P10CRF0460) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| SEAN PATRICK MULCREVY, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |


APPEAL from a judgment of the Superior Court of El Dorado County, James R. Wagoner, Judge. Reversed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.


THE COURT:

The opinion in the above-entitled matter filed on December 17, 2014, was not certified

for publication in the Official Reports. For good cause it now appears that the opinion should be

1

published in full in the Official Reports and it is so ordered.  There is no change in judgment.

(*CERTIFIED FOR PUBLICATION.*)


FOR THE COURT:



     RAYE     , P. J.



     BLEASE     , J.



     BUTZ     , J.