Filed 11/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE MIGUEL ROBLES ACOSTA,<br><br>    Defendant and Appellant. | B261828<br><br>(Los Angeles County Super. Ct. No. PA073701) |

APPEAL from an order of the Superior Court of Los Angeles County, Ann I. Jones, Judge. Affirmed.

Lisa M. Sciandra, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

_____

The electorate passed the Safe Neighborhoods and Schools Act (Proposition 47) in November 2014, reducing the punishment for various controlled substance offenses and some property-related offenses to misdemeanors.[1] Defendant Jose Miguel Robles Acosta petitioned the superior court for reduction of his 2012 felony conviction of attempted second degree burglary of a vehicle (Pen. Code, §§ 664/459)[2] to a misdemeanor. We affirm the superior court's denial of Acosta's petition on the basis that attempted car burglary is not among the offenses reduced to misdemeanors by Proposition 47, and the new statutory scheme does not violate equal protection of the law under the Eighth Amendment to the Unites States Constitution.

**Initial Charges and Allegations of the Petition**

Acosta was charged in a felony complaint filed on June 4, 2012, with burglary of a vehicle (§ 459) and grand theft of personal property (§ 487, subd. (a)). It was also alleged Acosta had served a prior prison term. (§ 667.5, subd. (b).) Both charged offenses were alternate felony/misdemeanors under existing law. (§§ 460, 461, 1170, subd. (h) [second degree burglary of a motor vehicle]; §§ 489, subd. (b), 1170, subd. (h) [grand theft of personal property].) The case was set for hearing in an early disposition court, but there is no evidence in the record as to when or how the case was resolved, such as by plea, court trial, or jury trial.

---

[1] Some of the enumerated offenses were previously felonies, while others were punishable as either a felony or misdemeanor. (See *People v. Park* (2013) 56 Cal.4th 782, 789 ["wobblers" are offenses chargeable, or subject to punishment, as either a felony or misdemeanor].)

[2] All statutory references are to the Penal Code, except where otherwise indicated.

On November 18, 2014, the Los Angeles County Public Defender filed a petition under Proposition 47 on Acosta's behalf seeking reduction of his conviction of attempted burglary of a motor vehicle from a felony to a misdemeanor. The petition alleged Acosta had been convicted of attempted burglary, the offense is a misdemeanor under Proposition 47, Acosta had no disqualifying prior conviction, and he is not a sex offender registrant.

**Hearing on the Petition**

The prosecution opposed the petition on the basis that attempted burglary of a vehicle is not one of the enumerated offenses reduced to a misdemeanor by Proposition 47. Counsel for Acosta argued attempted burglary is a theft-related offense similar to those reduced to a misdemeanor by Proposition 47. The prosecutor replied that there are other theft-related offenses, such as access card theft or use of an access card (§ 484e), that are not afforded misdemeanor treatment under section 1170.18, subdivision (a). Counsel for Acosta contended that theft of a motor vehicle with a loss that does not exceed $950 is now a misdemeanor based on Proposition 47, and it makes no sense that attempted burglary of a motor vehicle involving a similar loss is not also reduced to a misdemeanor.

The superior court ruled it could not expand the relief created by Proposition 47 to offenses not mentioned in the initiative. Due to the "breaking and entering aspect" of attempted burglary of a vehicle, the court found no basis for relief when the offense is compared to the newly created crime of shoplifting (§ 459.5), which applies to entry "into an open business establishment during ordinary hours of business."

3

## DISCUSSION

**Application of Penal Code Section 490.2**

Barring disqualifying factors not present in this case, section 490.2,[3] enacted as part of Proposition 47, makes obtaining any property by theft a misdemeanor where the value of the property taken does not exceed $950. Acosta argues that burglary of a motor vehicle, in violation of section 459, must be included within the reach of section 490.2 because burglary involves larceny, which is synonymous with theft. As a result, Acosta contends he is entitled to resentencing as a misdemeanant "[b]ecause it was undisputed that property in [Acosta's] case was valued under $950."[4] Acosta contends reclassifying his offense as a misdemeanor is consistent with the express intent of liberal construction of Proposition 47 to reduce punishment "for nonserious, nonviolent" crimes.

*Standard of Review*

"The general principles that govern interpretation of a statute enacted by the Legislature apply also to an initiative measure enacted by the voters. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900.) Thus, our primary task here is to ascertain the intent of the electorate (*Professional Engineers in California Government v. Kempton*

---

[3] Section 490.2 provides as follows: "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290. [¶] (b) This section shall not be applicable to any theft that may be charged as an infraction pursuant to any other provision of law."

[4] There is no evidence in the record as to the value of property taken.

4

(2007) 40 Cal.4th 1016, 1037) so as to effectuate that intent (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340). [¶] We look first to the words of the initiative measure, as they generally provide the most reliable indicator of the voters' intent. (*Bernard v. Foley* (2006) 39 Cal.4th 794, 804; *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.) Usually, there is no need to construe a provision's words when they are clear and unambiguous and thus not reasonably susceptible of more than one meaning. (*People v. Leal* (2004) 33 Cal.4th 999, 1007; *People v. Gardeley* (1996) 14 Cal.4th 605, 621.)" (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 978-979.)

*Analysis of the Statutory Interpretation Claim*

Acosta's effort to bring attempted car burglary within the purview of Proposition 47 fails, as neither car burglary or its attempt are mentioned in the list of statutes reduced to a misdemeanor. The ameliorative provisions of Proposition 47 apply to "Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18.) Attempted burglary of a motor vehicle has not been reduced to a misdemeanor under the plain language of section 1170.18.

Acosta's contention that car burglary necessarily falls under the theft-related provisions of section 490.2 fares no better. Acosta is incorrect in his assertion that burglary of a motor vehicle is merely another form of theft, as theft is not an element of the offense. Burglary of a motor vehicle is committed by entry into "vehicle as defined by the Vehicle Code, when the doors are locked . . . with intent to commit grand or petit larceny." (§ 459.) "[T]the crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking." (*People v. Magallanes* (2009) 173 Cal.App.4th 529, 535-536.) "[C]arjacking, like theft and robbery, *and unlike burglary*, is a crime centered on the felonious taking of property." (*Id.* at p. 536, italics added.) Acosta's comparison of burglary of a motor vehicle to theft offenses fails.

Because nothing in the language of Proposition 47 suggests it applies to Acosta's crime, there is no merit to his argument that reclassifying his offense as a misdemeanor is required in order to comply with the express intent of liberal construction of Proposition 47. One aspect of the express intent of Proposition 47 is to "reduce[] penalties *for certain offenders* convicted of nonserious and nonviolent property and drug crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) Acosta is not a member of the class of "certain offenders" expressly enumerated in Proposition 47.

Acosta points to newly enacted section 459.5, creating the offense of misdemeanor shoplifting, as an indication that Proposition 47 applies to burglary offenses. Shoplifting is committed by "entering a commercial establishment with intent to commit larceny *while that establishment is open during regular business hours*, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, italics added.) Section 459.5 makes reference to no other type of burglary, and it provides no reason to believe that burglary of a locked motor vehicle is now a misdemeanor when the loss does not exceed $950. The narrowly drawn shoplifting statute reflects an intent to mitigate punishment only as to one type of offender, but not as to others such as Acosta who engage in criminal conduct not identified in Proposition 47. (See *People v. Garness* (Nov. 9, 2015, E062947) __ Cal.App.4th __ [Proposition 47 applies only to offenses specified in the initiative].)


*Equal Protection*


Acosta argues that the Equal Protection Clause of the Eighth Amendment to the United States Constitution requires that he receive the same treatment as a defendant convicted of grand theft of an automobile, which is a misdemeanor under section 490.2 unless the value of the property taken exceeds $950. He reasons that there is no justification to treat him differently from a car thief, assuming both crimes involve a taking that does not exceed $950. He argues the different treatment under the statutes

6

must be analyzed under the strict scrutiny standard, rather than under the more lenient rational basis test.

Defendant is incorrect that the strict scrutiny standard applies to the purported disparity under Proposition 47 between the potential for felony punishment for his offense and the misdemeanor treatment of vehicle theft involving a loss that does not exceed $950. A defendant "'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.' (*People v. Flores* (1986) 178 Cal.App.3d 74, 88; see *People v. Alvarez* (2001) 88 Cal.App.4th 1110, 1116 [finding the rational basis test applicable to equal protection challenge involving 'an alleged sentencing disparity'].)" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [statutory scheme permitting more severe punishment for a lesser offense than a great offense does not violate equal protection under the rational basis test].)

Acosta's equal protection claim fails under the applicable rational basis test. "At bottom, the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses. ([*People v.*] *Turnage* [(2012)] 55 Cal.4th [62,] 74; *People v. Wilkinson*[, *supra*,] 33 Cal.4th [at p.] 840.)" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887.) We have no difficulty concluding that the electorate could rationally extend misdemeanor punishment to some nonviolent offenses but not to others, as a means of testing whether Proposition 47 has a positive or negative impact on the criminal justice system. "Nothing compels the state 'to choose between attacking every aspect of a problem or not attacking the problem at all.' (*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1312-1313.) Far from having to 'solve all related ills at once' (*People v. Cooper* (1996) 43 Cal.App.4th 815, 829), the Legislature has 'broad discretion' to proceed in an incremental and uneven manner without necessarily engaging in arbitrary and unlawful discrimination. (*People v. Ward* (2005) 36 Cal.4th 186, 217, citing *McLaughlin v. Florida* (1964) 379 U.S. 184, 191; *Warden v. State Bar of California* (1999) 21 Cal.4th 628, 649.)" (*People v. Barrett* (2012) 54 Cal.4th 1081, 1110.)

As a practical matter, Acosta's argument assumes an unlikely disparity in treatment. The electorate could rationally expect there will be an insignificant number of

7

vehicle thefts involving a loss not exceeding $950, considering the present day value of vehicles. It is therefore probable that after Proposition 47 most prosecutions for car burglary and vehicle theft will be subject to the same felony/misdemeanor punishment. To the extent some number of vehicle thefts may be treated as misdemeanors while car burglaries or attempted car burglaries are subject to felony punishment, the electorate could rationally conclude that car burglary should be treated more harshly because entry must be made into a locked vehicle, an element not required of vehicle theft. And finally, because attempted car burglary is an alternate felony/misdemeanor, in cases involving a loss less than $950 the electorate could reasonably expect that prosecutorial discretion will often result in prosecution as a misdemeanor rather than a felony. These reasons, individually and collectively, provide a rational basis for treating attempted car burglary differently than vehicle theft.

## DISPOSITION

The order denying the petition is affirmed.

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

BAKER, J.

8