Filed 4/12/16  P. v. Bartlett CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051386 |
| v. | (Super. Ct. No. 14NF4151) |
| ROBERT JAMES BARTLETT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Robert James Bartlett appeals from the order denying his petition under Penal Code section 1170.18 for, inter alia, the reduction of his felony convictions, for unlawfully taking a vehicle in violation of Vehicle Code section 10851 and receiving a stolen motor vehicle in violation of Penal Code section 496d, to misdemeanors. (All further statutory references are to the Penal Code unless otherwise specified.) Bartlett argues his convictions fall within the category of felony offenses that qualify for reduction to misdemeanors by the passage of the Safe Neighborhoods and Schools Act (Proposition 47). He also argues the denial of his petition under the new statutory scheme violates his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

We affirm. Neither Vehicle Code section 10851 nor section 496d is included in the list of statutes contained in section 1170.18, defining felonies that qualify for redesignation as misdemeanors. Even if we were to assume both offenses constitute theft-related offenses within the meaning of section 490.2, and thereby potentially qualify for redesignation to misdemeanors under Proposition 47, the petition was properly denied because Bartlett failed to prove that the stolen car he had received and unlawfully had taken had a value of no more than $950, which is a requirement of misdemeanor petty theft under section 490.2. Bartlett's equal protection argument fails due to the same failure of proof.

BACKGROUND

In October 2014, Bartlett was charged in a felony complaint with one count each of (1) unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a) (count 1); (2) receiving stolen property in violation of section 496d, subdivision (a) (count 2); (3) possession of a controlled substance (heroin) in violation of Health and Safety Code section 11350, subdivision (a) (count 3); and (4) possession of

2

burglary tools in violation of section 466 (count 4). Bartlett pleaded guilty to all four counts, stating as the factual basis of his plea: "[O]n October 1, 2014 I took another's vehicle; received the same knowing it to be stolen; did possess a usable quantity of heroin; and did possess tool used to commit burglary and when I took and drove the car I knew I did not have the consent of the owner and I intended to permanently deprive the owner of possession of the car." The trial court imposed a total sentence of 16 months in jail.

Bartlett filed a petition under section 1170.18, subdivision (a), in which, as amended, he sought to have his felony convictions for counts 1, 2, and 3 recalled and reduced to misdemeanors (the petition). The People filed a response opposing the petition as to counts 1 and 2 on the ground the "loss exceeds 950 dollars." The People did not oppose the petition as it applied to count 3.

The trial court denied the petition as to counts 1 and 2 and granted the petition as to count 3. Bartlett appealed.

DISCUSSION

I.

*Proposition 47 and Standard for Interpreting Voter Initiatives*

In 2014, the voters enacted Proposition 47, which makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089, 1091.) Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors. (*Id.* at p. 1091.) Proposition 47 added, among other things, sections 490.2 and 1170.18 to the Penal Code. (*People v. Rivera*, *supra*, at pp. 1091-1092.) Section 490.2 provides that "obtaining any property by theft" constitutes a misdemeanor where the value of the property taken does not exceed $950. (See *People v. Acosta* (2015) 242 Cal.App.4th 521, 525.)

3

## II.

*Bartlett Failed to Show Proposition 47 Applies to His Convictions for Unlawful Taking of a Vehicle and Receiving Stolen Property.*

Bartlett was convicted of unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a), and receiving stolen property in violation of section 496d, subdivision (a). Neither Vehicle Code section 10851 nor section 496d is included in section 1170.18, subdivision (a)'s list of statutes defining felony offenses that qualify for redesignation as misdemeanors. Indeed, "[t]he ameliorative provisions of Proposition 47 apply to 'Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.' (§ 1170.18.)" (*People v. Acosta*, *supra*, 242 Cal.App.4th at p. 526.)

Notwithstanding the omission of the crimes of unlawful taking of a vehicle and receiving stolen property from the enumerated offenses in section 1170.18, subdivision (a), Bartlett argues that both offenses qualify as theft-related offenses within the meaning of section 490.2 and, therefore, under that statute, his convictions are eligible for redesignation to misdemeanors. Section 490.2, subdivision (a) provides in relevant part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Section 487 defines grand theft, which includes the theft of an automobile. (§ 487, subd. (d)(1).)

We do not need to decide whether section 490.2 might be applied to reduce some felony convictions under Vehicle Code section 10851 or section 496d to misdemeanors because even were we to assume such an application, section 490.2 requires that the property at issue must have a value of $950 or less. Bartlett's factual basis for his guilty plea only showed he took "another's vehicle" and drove it without the

4

owner's consent. Nothing in our record shows the value of the stolen vehicle. Bartlett had the burden of showing the facts establishing his eligibility for relief under Proposition 47, including that the value of the stolen vehicle did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877 [section 1170.18 places the burden on the petitioner to show that the value of the item at issue did not exceed $950].) Because Bartlett failed to carry that burden, the petition was properly denied.

III.

*Bartlett's Constitutional Right to Equal Protection Has Not Been Violated.*

Bartlett argues that the equal protection clause of the Fourteenth Amendment to the United States Constitution requires application of the provisions of sections 490.2 and 1170.18 to his felony convictions for violating Vehicle Code section 10851 and section 496d. Bartlett's argument is based on section 490.2, subdivision (a)'s provision that even a conviction for grand theft auto in violation of section 487, subdivision (d)(1) constitutes a misdemeanor offense if the value of the vehicle does not exceed $950.

In his opening brief, Bartlett argues he is "similarly situated to a thief who took the old 1993 Honda in that he took the vehicle without permission, or received or withheld it from the owner knowing he did not have permission from the owner. Every vehicle thief knows that he possesses the fruits of his theft as stolen property and every vehicle thief takes or participates in the driving of the car without permission of the owner. [Bartlett] is exactly like a vehicle thief except that he did not necessarily intend to deprive the owner of the vehicle forever and may have merely extended the owner's loss rather than caused it. Moreover, it makes little sense to discriminate against a lesser offender.[1] Assuming that vehicle taking under Vehicle Code section 10851 and

---

[1] Bartlett stated in the factual basis of his guilty plea that he "took another's vehicle," received it "knowing it to be stolen," and "intended to permanently deprive the owner of

receiving a stolen vehicle under Penal Code section 49[6]d were actually and intentionally omitted from the relief granted to offenders who took the same vehicle under Penal Code section 487, such a classification denied equal protection as the vehicle taking offender is clearly and objectively less dangerous and harmful."[2]

"""The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion. [Citations.]" [Citation.] We first ask whether the two classes are similarly situated with respect to the purpose of the law in question, but are treated differently. [Citation.] If groups are similarly situated but treated differently, the state must then provide a rational justification for the disparity. [Citation.]'" (*People v. Noyan* (2014) 232 Cal.App.4th 657, 666.) """The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.]' [Citation.] This concept """compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" [Citation.]'" (*Ibid.*)

An individual who has stolen a vehicle in violation of section 487 is eligible for redesignation of his or her felony conviction to a misdemeanor under sections 490.2 and 1170.18 if the stolen vehicle is worth no more than $950. Bartlett's equal protection argument therefore depends on his establishing that he is similarly situated to individuals convicted of stealing a vehicle worth $950 or less. As discussed

possession of the car." Bartlett's admissions appear to undermine his argument that he should be considered a "lesser offender" as compared with the vehicle thief who violated section 487, subdivision (d)(1).

[2] A violation of Vehicle Code section 10851 has been held to be a lesser included offense of grand theft auto in violation of section 487 (*People v. Barrick* (1982) 33 Cal.3d 115, 128), meaning that all of the elements of the former lesser offense are also elements of the latter greater offense (*People v. Sanchez* (2001) 24 Cal.4th 983, 987-988). A lesser included offense, however, is not necessarily less serious than a greater offense; it simply has fewer statutory elements. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 839 [not irrational to punish lesser included offense more severely than greater offense].)

*ante*, Bartlett has not shown he is similarly situated to such a class because he failed to show the value of the vehicle that he "received" and "took."  There is nothing in Bartlett's plea or any finding of fact that establishes the vehicle had a value of $950 or less.  Because the record does not show the value of the stolen vehicle, Bartlett has failed to show he is similarly situated to persons convicted of grand theft auto involving vehicles with a value of no more than $950, who, he contends, received unequal treatment under Proposition 47.  We therefore reject his equal protection challenge.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

7