Filed 4/12/16  P. v. Bartlett CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>ROBERT JAMES BARTLETT,<br><br>    Defendant and Appellant. | G051340<br><br>(Super. Ct. No. 14NF3896)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Robert James Bartlett appeals from the order denying his petition under Penal Code section 1170.18 for, inter alia, the reduction of his felony conviction for second degree vehicle burglary to a misdemeanor. (All further statutory references are to the Penal Code.) Bartlett argues that his conviction for vehicle burglary falls within the felony offenses that qualify for reduction to misdemeanors by the passage of the Safe Neighborhoods and Schools Act (Proposition 47). He also argues the denial of his petition under the new statutory scheme violates his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

We affirm. For the reasons we will explain, Proposition 47 does not apply to vehicle burglary in violation of section 459. Section 459 is not included in the list of statutes contained in section 1170.18, defining felonies that qualify for redesignation as misdemeanors. Vehicle burglary does not constitute a theft-related offense within the meaning of section 490.2 and thus does not qualify for redesignation to a misdemeanor under that statute either. We reject Bartlett's equal protection argument because he has failed to show he is similarly situated to the class of persons convicted of stealing a vehicle valued at no more than $950, who might qualify to have their felony convictions redesignated as misdemeanors under Proposition 47. Bartlett has not carried his burden of showing the property that he stole in the course of committing the vehicle burglary offense had a value of no more than $950.

BACKGROUND

In September 2014, Bartlett was charged in a felony complaint with one count of second degree vehicle burglary, a felony, in violation of sections 459 and 460, subdivision (b). He pleaded guilty as charged, stating the following as the factual basis of his plea: "In Orange County, California, on December 5, 2013 I knowingly &

2

unlawfully entered the vehicle of Yakub D. w/ the intent to steal & did steal." The trial court sentenced Bartlett to 16 months in jail.[1]

In November 2014, Bartlett filed a petition under section 1170.18, subdivision (a), seeking to have his felony conviction recalled and reduced to a misdemeanor (the petition). The People opposed the petition on the ground vehicle burglary is not eligible for such a reduction. The trial court denied the petition, stating it "falls outside of the confines of Prop 47." Bartlett appealed.

DISCUSSION

I.

*Proposition 47 and Standard for Interpreting Voter Initiatives*

In 2014, the voters enacted Proposition 47, which makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089, 1091.) Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors. (*Id.* at p. 1091.) Proposition 47 added, among other things, sections 490.2 and 1170.18 to the Penal Code. (*People v. Rivera*, *supra*, at pp. 1091-1092.) Section 490.2 provides that "obtaining any property by theft" constitutes a misdemeanor where the value of the property taken does not exceed $950. (See *People v. Acosta* (2015) 242 Cal.App.4th 521, 525.)

II.

*Proposition 47 Does Not Apply to Vehicle Burglary in Violation of Section 459.*

Bartlett was convicted of vehicle burglary in violation of section 459. Section 459 is not included in section 1170.18, subdivision (a)'s list of statutes defining

---

[1] The court ordered Bartlett's jail sentence to run concurrently with the sentence that he had received in another case, case No. 14NF4151.

felony offenses that qualify for redesignation as misdemeanors. Indeed, "[t]he ameliorative provisions of Proposition 47 apply to 'Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.' (§ 1170.18.)" (*People v. Acosta*, *supra*, 242 Cal.App.4th at p. 526.)

Notwithstanding the omission of vehicle burglary from the enumerated offenses in section 1170.18, subdivision (a), Bartlett argues that his conviction for vehicle burglary qualifies as a theft-related offense within the meaning of section 490.2 and, therefore, under that statute, his conviction is eligible for redesignation from a felony to a misdemeanor. Section 490.2, subdivision (a) provides in relevant part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

Bartlett was not charged with theft of any degree, whether grand or petty theft, but with vehicle burglary. Rejecting the same argument advanced in this case by Bartlett, the appellate court in *People v. Acosta*, *supra*, 242 Cal.App.4th at page 526, pointed out that "theft is not an element of the offense" of vehicle burglary. Section 459 defines vehicle burglary as the entering into a "vehicle as defined by the Vehicle Code, when the doors are locked . . . with intent to commit grand or petit larceny or any felony." The court in *People v. Acosta*, *supra*, 242 Cal.App.4th at page 526, explained: "'[T]he crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.' [Citation.] '[C]arjacking, like theft and robbery, *and unlike burglary*, is a crime centered on the felonious taking of property.' [Citation.] [The defendant]'s comparison of burglary of a motor vehicle to theft offenses fails. [¶] Because nothing in the language of Proposition 47 suggests it applies to [the defendant]'s crime[ (vehicle burglary in violation of section 459)], there is no merit to his argument

4

that reclassifying his offense as a misdemeanor is required in order to comply with the express intent of liberal construction of Proposition 47. One aspect of the express intent of Proposition 47 is to 'reduce[] penalties *for certain offenders* convicted of nonserious and nonviolent property and drug crimes.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) [The defendant] is not a member of the class of 'certain offenders' expressly enumerated in Proposition 47."

We agree with the analysis of *People v. Acosta* and similarly hold that Proposition 47 does not apply to vehicle burglary in violation of section 459.

III.

*Bartlett's Constitutional Right to Equal Protection Has Not Been Violated.*

In his opening brief, Bartlett argues: "The Equal Protection Clause of the Fourteenth Amendment demands application of the provisions of Penal Code sections 490.2 and 1170.18 to [Bartlett]. Under the clear language of Proposition 47, the protections and relief of Penal Code sections 490.2 and 1170.18 are afforded to those who actually stole a vehicle valued at $950 or less because Penal Code section 490.2 is specifically listed in the provisions of Proposition 47. Section 490.2 applies '[n]otwithstanding Section 487,' the grand theft statute. The Equal Protection Clause requires those same protections and relief be afforded to one who entered the same vehicle with only the intent to steal items from within. In this case, the Equal Protection Clause requires [Bartlett]'s auto burglary conviction be reduced to a misdemeanor."

"'"The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion. [Citations.]" [Citation.] We first ask whether the two classes are similarly situated with respect to the purpose of the law in question, but are treated differently. [Citation.] If groups are similarly situated but treated differently, the state must then provide a rational justification for the disparity. [Citation.]'" (*People v. Noyan* (2014) 232 Cal.App.4th

5

657, 666.) "'"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.]' [Citation.] This concept "'"compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" [Citation.]'" (*Ibid*.)

Here, Bartlett is not similarly situated to a person convicted of stealing a vehicle valued at no more than $950. He was convicted of vehicle burglary which, as discussed *ante*, does not include theft as an element. Vehicle burglary in violation of section 459 involves entering a locked vehicle with the intent to steal or commit a felony therein. Bartlett admitted he stole property from inside the vehicle, but our record does not show the value of that property. There is nothing in Bartlett's plea or any finding of fact that establishes the property he stole in the course of the vehicle burglary had a value of $950 or less.

Even assuming for purposes of argument that Bartlett's conviction for vehicle burglary constituted a theft-related offense within the meaning of section 490.2, in order to avail himself of the benefits of redesignation of the offense as a misdemeanor he had to prove he stole property valued at $950 or less. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 [section 1170.18 places the burden on the petitioner to show that the value of the item at issue did not exceed $950].) Because the record does not show the value of the stolen property taken in the course of the vehicle burglary, Bartlett has failed to show he is similarly situated to persons who steal vehicles valued at no more than $950, and who, he contends, received unequal treatment under Proposition 47. We therefore reject his equal protection challenge.

DISPOSITION

The postjudgment order is affirmed.

FYBEL, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

7