Filed 6/6/16  P. v. Crank CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064123 |
| v. | (Super.Ct.No. FVI1100426) |
| ROBERT CHARLES CRANK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for defendant and appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, and Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Robert Charles Crank petitioned to have his felony convictions for second degree burglary of a vehicle (Pen. Code,[1] § 459) and possession of a stolen vehicle (§ 496d, subd. (a)) designated as misdemeanors pursuant to the Safe Neighborhoods and Schools Act, enacted by the voters as Proposition 47 in the November 2014 election. The trial court denied the petition, finding that defendant was not eligible for resentencing under Proposition 47.

On appeal, defendant does not contest the trial court's ruling with respect to his conviction for possession of a stolen vehicle, arguing only that his burglary conviction would have been a misdemeanor under Proposition 47, and that if Proposition 47 is construed otherwise, his equal protection rights would be violated. We affirm the trial court's ruling.

## I. FACTS AND PROCEDURAL BACKGROUND

On March 7, 2011, defendant pleaded guilty to one count of second degree burglary of a vehicle (§ 459), and one count of possession of a stolen vehicle (§ 496d, subd. (a)). On May 8, 2015, defendant filed a petition pursuant to Proposition 47, seeking to reduce those felony convictions to misdemeanors. On May 29, 2015, after a brief hearing, during which defense counsel presented no evidence or argument, the trial court denied the petition, finding that defendant's conviction offenses did not qualify him for any relief under Proposition 47.

---

[1] Further undesignated statutory references are to the Penal Code.

II.  DISCUSSION

Defendant contends that we should construe Proposition 47 to encompass his conviction offense of second degree burglary of a vehicle, and that to construe it otherwise would violate his right to equal protection.  We disagree with both contentions.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).  Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Section 1170.18 provides, among other things, that "persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.'" (*Rivera*, *supra*, at p. 1093.)

A person who "enters any . . . vehicle as defined by the Vehicle Code, when the doors are locked . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (§ 459.)  Section 460 provides that burglary of a vehicle is burglary of the second degree.  (§ 460, subds. (a), (b).)

Burglary of a vehicle is not an offense that has been explicitly reduced to a misdemeanor under the statutory provisions added or amended by Proposition 47.  Section 459.5, added by Proposition 47, redefines a limited subset of offenses that would

3

formerly have been burglary to be the new offense of shoplifting, committed by "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Section 459.5 makes no reference to any other type of burglary, however, and on its face "provides no reason to believe that burglary of a locked motor vehicle is now a misdemeanor when the loss does not exceed $950." (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526-527 (*Acosta*).)

Defendant contends his burglary conviction falls under the theft-related provisions of section 490.2. We disagree. Section 490.2 provides that, notwithstanding any provision of law defining grand theft, "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," except when committed by certain recidivists. (§ 490.2, subd. (a).) Burglary of a motor vehicle, however, is not "merely another form of theft, as theft is not an element of the offense. . . . '[T]he crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.'" (*Acosta*, *supra*, 242 Cal.App.4th at p. 526.) Section 490.2 is simply inapplicable to defendant's conviction offense. (*Acosta*, *supra*, at p. 526.)

Defendant argues that, if section 490.2 "is construed to exclude second degree vehicle burglary, then the omission violated his constitutional rights to equal protection under the law." Not so. Among other fatal flaws in defendant's equal protection

4

argument, "offenders who commit different crimes are similarly situated for equal protection analysis when the crimes are not sufficiently different to justify different treatment." (*People v. Doyle* (2013) 220 Cal.App.4th 1251, 1266.) Burglary of a vehicle is sufficiently different from theft or receiving stolen property, or even the new offense of shoplifting (all offenses defendant points to in briefing) to justify different treatment. Vehicular burglary necessarily involves "'unlawfully altering the vehicle's locked state,'" and thus "'altering the vehicle's physical condition; at worst, by smashing a window, at best, by illegally unlocking it.'" (*In re James B.* (2003) 109 Cal.App.4th 862, 868.) In other words, in the burglary of a vehicle, some degree of force is necessarily applied. This element of force justifies both different punishment in the first instance, and different treatment under Proposition 47. For this reason, among others, defendant has demonstrated no violation of his equal protection rights. (See also *Acosta*, *supra*, 242 Cal.App.4th at pp. 527-528 [rejecting similar equal protection challenge].)

## III. DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.

5