Filed 6/15/16  P. v. Klein CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN M. KLEIN,<br><br>    Defendant and Appellant. | B263084<br><br>(Los Angeles County<br>Super. Ct. Nos. KA004577 &<br>KA013528) |

APPEAL from an order of the Superior Court of Los Angeles, Jack P. Hunt, Judge.  Affirmed.

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Steven M. Klein appeals from an order denying his petition to reduce his prior felony convictions to misdemeanors pursuant to Penal Code section 1170.18.[1] We affirm.

## BACKGROUND

In 1990, Klein was convicted of one count of second degree burglary of a motor vehicle (§ 459) and one count of receipt of stolen property (§ 496, subd. (1)). The record of conviction contains no value of the property involved. A probation report states that appellant "had taken property valued at about $4,687."

On January 20, 2015, Klein filed a petition requesting reduction of his prior felony convictions to misdemeanors.[2] On February 9, 2015, the trial court denied the petition on the ground that for both counts "the amount of loss exceeds $950.00." Klein filed a timely notice of appeal.

## DISCUSSION

On appeal, Klein contends that the trial court erred when it considered evidence outside the record of conviction, namely the probation report, and because under *People v. Guerrero* (1988) 44 Cal.3d 343, the court was required to presume that the prior conviction was for the least offense punishable under the statute.

On November 4, 2014, California voters passed Proposition 47, the Safe Neighborhoods and Schools Act, which reduces certain nonserious and nonviolent crimes, such as low-level drug- and theft-related offenses, from felonies to misdemeanors. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) Proposition 47 authorizes a person who has been convicted of a felony who would have been guilty of a misdemeanor under the act to petition for a recall of sentence to request resentencing "in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or

---

[1] All statutory references are to the Penal Code.

[2] Klein also filed a petition for resentencing of his conviction in another case (LASC case No. KA013528) for two counts of fraudulent use of a credit card (§ 484e, subd. (3)), but does not contest the denial of that petition.

2

Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18.)

To the extent Klein seeks to recall his sentence for second degree burglary of a motor vehicle (§ 459), this offense is not included in section 1170.18 and thus has not been reduced to a misdemeanor. (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526 ["Attempted burglary of a motor vehicle has not been reduced to a misdemeanor under the plain language of section 1170.18"].)

As to Klein's conviction of receipt of stolen property under section 496, Proposition 47 makes the crime a misdemeanor "if the value of the property does not exceed" $950. (§ 496, subd. (a).) In their published work on Proposition 47, Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow concluded that the petitioner bears the burden of proof as to eligibility for relief under Proposition 47, including that the property did not exceed $950 in value: "The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): *i.e.*, whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed," including "proving the value of the property did not exceed $950." (Couzens & Bigelow, *Proposition 47: The Safe Neighborhoods and Schools Act* (Feb. 2015) <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> p. 46 [as of Apr. 21, 2016].) Several courts have reached the same conclusion as Judge Couzens and Justice Bigelow. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 ["We think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts upon which his or her eligibility is based"]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 450 ["The court . . . properly denied Rivas Colon's resentencing petition because he failed to satisfy his burden to prove the value of the property he took from the store did not exceed $950"]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136 ["Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing'"]; *People v. Page* (2015) 241 Cal.App.4th 714,

3

719 ["initial burden" of establishing his eligibility for relief under Proposition 47 and prove that the value of the property "did not exceed $950"].)

Here, Klein failed to meet his initial burden of proof to establish his eligibility for resentencing, including that the value of the property did not exceed $950. His citation to *People v. Guerrero*, *supra*, 44 Cal.3d at page 352 is unavailing as it dealt with the prosecution's burden of proof for sentence enhancements. In that context, the court stated that when the record of conviction is silent as to the substance of a prior foreign conviction, the presumption is that the prior conviction was for the least offense punishable by the foreign law. Such a presumption is inapplicable here where the burden does not lie with the prosecution and involves "persons who have already been proved guilty of their offense beyond a reasonable doubt." (See *People v. Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

Because Klein did not meet his initial burden of proof which included proving the value of the property did not exceed $950, we need not reach the question of whether the trial court erred in going outside the "record of conviction."

## DISPOSITION

The order denying Klein's petition is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.

4