Filed 7/15/16  P. v. Madrid CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069317 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE208140) |
| MARIO RICHARD MADRID, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

In 2000, Mario Richard Madrid pleaded guilty to second degree burglary of a vehicle (Pen. Code, § 459) and admitted having a prior strike conviction (Pen. Code,

§§ 667, subds. (b)-(i), 1170.12). The trial court sentenced him to a stipulated sentence of two years and eight months in prison.

In 2015, Madrid filed a petition under Penal Code section 1170.18, which was enacted as part of the Safe Neighborhoods and Schools Act (Proposition 47), to reduce his vehicle burglary conviction from a felony to a misdemeanor. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 1, p. 70.) The court denied the petition, finding a vehicle burglary conviction is not eligible for resentencing under Proposition 47.

Madrid appeals. His appointed appellate counsel filed a brief requesting we independently review the record for error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) Having done so and having identified no reasonably arguable appellate issues, we affirm the order.

## BACKGROUND

There is no transcript of Madrid's guilty plea or sentencing hearing. A 2005 probation report described the relevant facts underlying Madrid's vehicle burglary conviction as follows: "A witness saw the defendant and a male companion break into a vehicle and remove property from it. The witness followed the men's vehicle and directed the police to [its] location. Police officers conducted a felony hot stop of the vehicle and detained the defendant and his companion. … A green bag containing books[,] which the victim subsequently identified as his property, was found in the vehicle driven by the defendant's companion."

DISCUSSION

Madrid's appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442.

To aid our review, and consistent with *Anders v. California* (1976) 386 U.S. 738, 744, counsel identified one possible appellate issue: whether Proposition 47's resentencing provisions apply to Madrid's vehicle burglary conviction because vehicle burglary is analogous to shoplifting. (But see *People v. Acosta* (2015) 242 Cal.App.4th 521, 526-528 [vehicle burglary and attempted vehicle burglary are not included in the list of offenses Proposition 47 reduced to misdemeanors; vehicle burglary does not qualify as petty theft under Pen. Code, § 490.2; vehicle burglary does not qualify as shoplifting under Pen. Code, § 459.5; and the equal protection clause does not require vehicle burglary to receive the same treatment as vehicle theft under Proposition 47].)

We granted Madrid permission to file a supplemental brief on his own behalf. He did not do so.

As requested by counsel, we reviewed the record for error and did not find any reasonably arguable appellate issues. Madrid has been competently represented by counsel in this appeal.

3

DISPOSITION

The order is affirmed.

_____
McCONNELL, P. J.

WE CONCUR:


_____
NARES, J.


_____
O'ROURKE, J.