Filed 9/2/16  P. v. Cardoso CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ESTEBAN GARCIA CARDOSO,<br><br>    Defendant and Appellant. | G051830<br><br>(Super. Ct. No. 04WF1219)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Esteban Garcia Cardoso petitioned the superior court for reduction of his felony conviction for second degree burglary of a vehicle (Pen. Code, § 459)[1] to a misdemeanor pursuant to the Safe Neighborhoods and Schools Act, enacted by the voters as Proposition 47 in the November 2014 election. (§ 1170.18.) The trial court denied the petition, finding Cardoso's conviction was not eligible for resentencing. We affirm the postjudgment order because vehicle burglary is not one of offenses redesignated as misdemeanors by Proposition 47, and we reject Cardoso's contention its omission from those offenses violated his right to equal protection under the law.

FACTS

In 2005 Cardoso entered a guilty plea, admitting he broke into a locked Nissan Sentra with the intent to commit larceny. At the time, he was acting for the benefit of a criminal street gang. He also admitted to battery of a police officer, causing him injury. He also admitted having a prior conviction within the meaning of section 667.5, subdivision (b). The trial court sentenced Cardoso to four years and eight months in prison.

In 2015 Cardoso filed, and the trial court denied, his petition to have the second degree vehicle burglary conviction reduced to a misdemeanor under the newly enacted Proposition 47. The court found the crime of vehicle burglary did not qualify under Proposition 47.

DISCUSSION

Cardoso argues his conviction for second degree vehicle burglary is a theft offense and falls within the meaning of Proposition 47. He recognizes vehicle burglary is not a specifically enumerated felony that may be redesignated as a misdemeanor, but notes theft (§ 490.2) and shoplifting (§ 459.5) of goods valued less than $950 are subject to redesignation under the new law. He asserts Proposition 47 "contains sweeping

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

2

language clearly intended to include all thefts of personal property in which the value of loss was $950 or less." He concludes a vehicle burglary conviction should be treated as a qualifying theft offense for purposes of Proposition 47. We conclude the argument lacks merit.

Section 459 is not included in section 1170.18's specific list of felony offenses that qualify for redesignation as misdemeanors under Proposition 47. "The ameliorative provisions of Proposition 47 apply to '[s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ection[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.' (§ 1170.81.)" (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526 (*Acosta*).) Thus, under this clear statutory language, vehicle burglary is not specified for redesignation as a misdemeanor. And as aptly stated in *Acosta,* "Because nothing in the language of Proposition 47 suggests it applies to [the crime of vehicle burglary], there is no merit to [the] argument that reclassifying [this] offense as a misdemeanor is required in order to comply with the express intent of liberal construction of Proposition 47. One aspect of the express intent of Proposition 47 is to 'reduce[] penalties *for certain offenders* convicted of nonserious and nonviolent property and drug crimes.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) [Those convicted of vehicle burglary are] not a member of the class of 'certain offenders' expressly enumerated in Proposition 47." (*Id.* at p. 526.)

We are not persuaded by Cardoso's argument his felony conviction is nonetheless so similar to a theft offense that it warrants the same treatment despite the statutory language. The court in *Acosta* addressed and rejected this same contention. That court explained, "[B]urglary of a motor vehicle is [not] merely another form of theft, as theft is not an element of the offense. Burglary of a motor vehicle is committed by entry into a 'vehicle as defined by the Vehicle Code, when the doors are locked . . . with intent to commit grand or petit larceny.' (§ 459.) '[T]he crime of burglary can be

3

committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.' [Citation.] '[C]arjacking, like theft and robbery, *and unlike burglary*, is a crime centered on the felonious taking of property.' [Citation.] Acosta's comparison of burglary of a motor vehicle to theft offenses fails. [¶] Because nothing in the language of Proposition 47 suggests it applies to Acosta's crime, there is no merit to his argument that reclassifying his offense as a misdemeanor is required in order to comply with the express intent of liberal construction of Proposition 47." (*Acosta, supra*, 242 Cal.App.4th at p. 526.) We agree with and follow this well reasoned analysis.

We turn next to Cardoso's equal protection argument. This same argument was also considered and rejected in the *Acosta* case. Cardoso, like defendant in *Acosta*, maintained equal protection principles mandated that he receive the same treatment under Proposition 47, as other offenders having a similar level of culpability. Applying the rational basis standard, the *Acosta* court explained, "the electorate could rationally extend misdemeanor punishment to some nonviolent offenses but not to others, as a means of testing whether Proposition 47 has a positive or negative impact on the criminal justice system. 'Nothing compels the state "to choose between attacking every aspect of a problem or not attacking the problem at all." [Citation.] Far from having to "solve all related ills at once" [citation], the Legislature has "broad discretion" to proceed in an incremental and uneven manner without necessarily engaging in arbitrary and unlawful discrimination. [Citations.]' [Citation.]" (*Acosta, supra*, 242 Cal.App.4th at pp. 527-528.)

In addition, the *Acosta* court determined that as a "practical matter" the equal protection argument assumes an unlikely disparity. "The electorate could rationally expect there will be an insignificant number of vehicle thefts involving a loss not exceeding $950, considering the present day value of vehicles. It is therefore probable that after Proposition 47 most prosecutions for car burglary and vehicle theft will be subject to the same felony/misdemeanor punishment. To the extent some number of

4

vehicle thefts may be treated as misdemeanors while car burglaries or attempted car burglaries are subject to felony punishment, the electorate could rationally conclude that car burglary should be treated more harshly because entry must be made into a locked vehicle, an element not required of vehicle theft. And finally, because attempted car burglary is an alternate felony/misdemeanor, in cases involving a loss less than $950 the electorate could reasonably expect that prosecutorial discretion will often result in prosecution as a misdemeanor rather than a felony. These reasons, individually and collectively, provide a rational basis for treating attempted car burglary differently than vehicle theft." (*Acosta, supra*, 242 Cal.App.4th at p. 528.) We agree. These points dispose of Cardoso's equal protection challenges.

DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.


5