Filed 9/21/16  P. v. Karas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B268987 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA009213) |
| v. | |
| MAGED L. KARAS, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Maged Karas filed a petition in the trial court to reduce his 1992 felony second degree burglary of a vehicle (Pen. Code, § 459[1]) conviction to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18). The trial court denied the petition. Defendant appeals, and we affirm.

# PROCEDURAL BACKGROUND[2]

In 1992, defendant pleaded no contest to second degree burglary of a vehicle and admitted that he had suffered a prior conviction within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to four years in state prison and suspended execution of sentence.

In 2015, defendant filed a petition for resentencing under Proposition 47 seeking to have his 1992 burglary of a vehicle conviction reduced to a misdemeanor, claiming the "amount in question" was not more than $950. The People opposed the petition on the ground that defendant's burglary of a vehicle offense did not qualify for Proposition 47 relief. The trial court agreed with the People and denied the petition.

# DISCUSSION

Defendant contends that the trial court erred in ruling that burglary of a vehicle in violation of section 459 does not qualify for misdemeanor resentencing under Proposition 47. Defendant acknowledges that burglary of a vehicle is not an offense expressly made eligible for Proposition 47 resentencing,[3] but argues that the "substance of the offense

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

[2]     The record on appeal does not include evidence of the facts underlying defendant's conviction.

[3]     Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been

2

falls squarely under one of the enumerated offenses, the newly enacted Penal Code section 490.2,[4] defining petty theft. Burglary of a motor vehicle in violation of section 459 should be included within the reach of section 490.2 because burglary involves larceny, which is synonymous with theft."

In *People v. Acosta* (2015) 242 Cal.App.4th 521, 526, we held that section 1170.18, by its express language, does not include attempted burglary of an motor vehicle within Proposition 47's ameliorative provisions. We rejected the defendant's claim that burglary of a vehicle necessarily fell within the theft-related provisions of section 490.2. (*People v. Acosta, supra*, 242 Cal.App.4th at p. 526.) And, we held that it was unnecessary to reclassify attempted burglary of a vehicle as a misdemeanor "in order to comply with the express intent of liberal construction of Proposition 47." (*Ibid.*) Defendant acknowledges our holdings, but suggests that we should reconsider them because the California Supreme Court has granted review "in a number of cases where the issue is whether statutes not enumerated in section [1170.18] may be eligible offenses under Proposition 47." [5] None of the cases defendant cites, however, involved burglary

---

in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

[4] Section 490.2, subdivision (a) provides, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

[5] For example, defendant cites *People v. Gonzales* (2016) S231171. The Supreme Court's case summary for *People v. Gonzales* provides, "This case presents the following issue: Was defendant entitled to resentencing under Penal Code section 1170.18 on his conviction for second degree burglary either on the ground that it met the definition of

of a vehicle.  Defendant thus has not provided a compelling reason for us to reconsider our holdings in *People v. Acosta, supra*, 242 Cal.App.4th at p. 521.[6]  Consistent with those holdings, we affirm the trial court's denial of defendant's petition, as second degree burglary of an motor vehicle is not entitled to relief under Proposition 47.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


RAPHAEL, J.*


We concur:


TURNER, P. J.


KRIEGLER, J.

---

misdemeanor shoplifting (Pen. Code, § 459.5) or on the ground that section 1170.18 impliedly includes any second degree burglary involving property valued at $950 or less?"

[6]  Because we hold that Proposition 47 resentencing does not apply to burglary of an automobile, we need not address the Attorney General's alternative argument that defendant's resentencing claim fails because defendant did not demonstrate that the amount in question did not exceed $950 as defendant claimed in his petition.

*  Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.