Filed 3/1/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B264693 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BA392728) |
| v. | |
| WEN CHEN, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Reversed.

Jackie Lacey, District Attorney of Los Angeles County, Steven Katz, and Matthew Brown, Deputy District Attorneys, for Plaintiff and Appellant.

Ronald L. Brown, Public Defender of Los Angeles County, Danielle O'Sullivan and Albert Menaster, Deputy Public Defenders for Defendant and Respondent.

_____

The People appeal a trial court order issued under the Safe Neighborhoods and Schools Act, Proposition 47.  The order reduced defendant Wen Chen's felony second

degree burglary conviction (Pen. Code, § 459)[1] to a misdemeanor second degree burglary, and modified terms of probation in accord with the new misdemeanor conviction. We reverse.

## FACTS

In January 2012, the People filed a criminal complaint charging Chen with two criminal charges, perjury in the application for a driver's license (count 1; § 118, subd. (a);) and second degree commercial burglary (count 2; § 459). Count 1 alleged that Chen failed to disclose that he had applied for, received, and used an Illinois driver's license under the name Yu Liu. As to count 2, the complaint alleged that Chen entered the Department of Motor Vehicles, "a commercial building," with the intent "to commit larceny and any felony."

In accord with the terms of a negotiated plea agreement, Chen pled nolo contendere to count 2 and the trial court dismissed the perjury charge. The trial court suspended imposition of sentence and ordered Chen placed on formal probation for three years on the condition that he serve 224 days in the county jail and otherwise obey all laws, orders and regulations prescribed by the court and the probation department.

At the general election on November 4, 2014, the voters of California approved Proposition 47, which became effective the following day. Among its myriad provisions, Proposition 47 reduced a limited number of specified nonviolent crimes, for example, simple drug possession, from felonies to misdemeanors. Further, it created certain new misdemeanor crimes that largely overlay certain prior felony crimes. For example, the new crime of shoplifting (see § 459.5) now displaces the prior felony of second degree burglary where a defendant entered a commercial establishment with the intent to commit a theft involving property valued at less than $950. In addition, Proposition 47 enacted section 1170.18 which, as relevant to Chen's current matter, established procedures for persons who are "currently serving a sentence" for prior felony crimes that are now

---

[1] All further undesignated section references are to the Penal Code.

misdemeanors under the initiative to petition the superior court to recall the felony conviction and sentence, and to be resentenced for the misdemeanor crime.

Chen filed a petition to recall his felony second degree burglary conviction and to be resentenced on the charge as a misdemeanor second degree burglary conviction.[2] Chen's petition stated that he had been convicted of "PC 459 (2nd)," and that "[t]he amount in question is not more than $950." The People filed an opposition to Chen's Proposition 47 petition stating that his burglary conviction was based on underlying "perjurious statements."

The parties argued Chen's Proposition 47 petition to the trial court, and the court granted the petition. The court ordered the January 2012 felony complaint to be "deemed amended" to allege count 2 as the offense of misdemeanor second degree burglary, and, thereon, declared Chen's conviction to be for misdemeanor second degree burglary. The court vacated its order placing Chen on formal probation for three years, and "converted" Chen to summary probation.

The People filed a timely appeal.

## DISCUSSION

The People contend the trial court's order reducing Chen's felony second degree burglary conviction to a misdemeanor second degree burglary conviction is not authorized by Proposition 47. We agree.

### *The Relevant Penal Code Sections*

As relevant to Chen's current case, section 459 provided at the time of his 2011 criminal conduct as follows:

---

[2] As we explain below, second degree burglary is a "wobbler," meaning it may be punished alternately as a felony or misdemeanor. When a crime is punishable, in the discretion of the court, by imprisonment in state prison or imprisonment in the county jail, it is a felony unless a punishment other than a state prison term is imposed, or the offense is designated or charged as a misdemeanor, or it is determined or declared to be a misdemeanor. (§ 17, subd. (b).) Thus, second degree burglary is a felony unless one of the circumstances set forth in section 17, subdivision (b), applies.

3

"Every person who enters any . . . building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary.  As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not. . . ."

Further, section 460 provided:

"(a)  Every burglary of an inhabited dwelling house . . . or the inhabited portion of any other building, is burglary of the first degree.

(b)  All other kinds of burglary are of the second degree."

Finally, section 461 provided:

"(a)  Burglary in the first degree: by imprisonment in the state prison for two, four, or six years.

(b) Burglary in the second degree: by imprisonment in the county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170."

As noted above, under the burglary statutes at the time of Chen's burglary conduct, the offense of second degree burglary was a wobbler, chargeable as either a felony or as a misdemeanor.  Proposition 47 made no changes to sections 459, 460 or 461, nor did it explicitly reduce all prior felony second degree burglary offenses to misdemeanor second degree burglary offenses.  In relation to Chen's case, Proposition 47 enacted new section 459.5, which, as we noted above, now defines the new misdemeanor offense of "shoplifting" where, formerly, second degree burglary could have been charged.

Proposition 47 added section 1170.18, subdivision (a), which reads as follows: "(a)  A person currently serving a sentence for a conviction . . . of a felony . . . *who would have been guilty of a misdemeanor* under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request

4

resentencing *in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 . . . as those sections have been amended or added by this act*." (Italics added.)

*Analysis*

Proposition 47, by amending the language of certain statutes that previously defined felony offenses, explicitly reduced a number of specified offenses from felonies to misdemeanors. It added new misdemeanor offenses to the Penal Code. The offenses amended or added by Proposition 47 are sections 459.5, 473, 476a, 490.2, 496, and 666, and Health and Safety Code sections 11350, 11357, and 11377. The offense of burglary as defined in section 459 is not one of the reduced offenses included in the text of Proposition 47, except to the extent that new section 459.5 — the misdemeanor crime of shoplifting — now applies.

The People argue that unless Chen's felony second degree burglary conviction can be fit within the new crime of shoplifting as defined in section 459.5, the trial court did not have the authority under Proposition 47 to reduce his felony burglary conviction to a misdemeanor burglary conviction. In reply, Chen argues that, once a Proposition 47 petitioner "alleges that the value of the property at issue [in an offense] was $950 or less, the burden shifts to the prosecution to establish facts which disqualify the petitioner from Prop[osition] 47 relief." We find the People's position to be better reasoned.

Given the allegations set forth in count 1 of the criminal complaint, the perjury charge, the "larceny" language in count 2 plainly was superfluous, and reflected nothing more than the verbatim use of the statutory language from the burglary statute. (See § 459.) There simply was no larceny, that is, no theft of any kind, involved in Chen's case. Chen was not convicted of a felony offense that is now reduced to a misdemeanor offense under Proposition 47. The offense of burglary, when charged as a felony under section 459, remains a felony offense following the passage of Proposition 47 unless the defendant's criminal conduct involved a theft from a commercial establishment, and the theft involved less than $950, in which case the offense is now shoplifting under section 459.5. An existing felony burglary conviction not involving a

5

theft of less than $950 is unaffected by Proposition 47. The record before us on the People's appeal establishes without any room for doubt — regardless of which side had the burden of proof in the trial court on the question of Chen's eligibility for Proposition 47 relief — that Chen did not commit the offense of misdemeanor shoplifting. He was convicted of felony second degree burglary based on the entry into a building with the intent to commit the felony of perjury. This is established by the pleadings and record of conviction. Chen was not convicted of a felony offense that is now reduced to a misdemeanor offense under Proposition 47. As a result, he is not eligible for Proposition 47 relief, and his petition should have been denied.

## DISPOSITION

The trial court's order dated April 20, 2015 is reversed.

**CERTIFIED FOR PUBLICATION**

BIGELOW, P.J.

We concur:

RUBIN, J.

GRIMES, J.