Filed 5/3/16  P. v. Heath CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063143 |
| v. | (Super.Ct.No. RIF1400455) |
| DAVID ANTHONY HEATH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed in part, reversed in part with directions.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant

and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E.

Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant David Heath, on probation for four counts of second degree burglary (Pen. Code, § 459), one count of receiving stolen property (Pen. Code, § 496, subd. (a)), and one count of acquiring a credit card account (Pen. Code, § 484e, subd. (d)), brought a petition pursuant to Penal Code section 1170.18, subdivision (a), to reclassify his convictions as misdemeanors and for resentencing. The trial court granted the motion only as to the receiving stolen property conviction, finding defendant's other convictions were ineligible because the locker room of L.A. Fitness was not a commercial establishment, and because the credit card count was not listed in Penal Code section 1170.18, subdivision (a). Defendant appealed.

On appeal, defendant argues that (1) the court erred in finding that the locker room of L.A. Fitness was not part of a commercial establishment, and (2) convictions for violating Penal Code section 484e, subdivision (d), are eligible for relief within the meaning of Proposition 47 and Penal Code section 1170.18, subdivision (a). We reverse.

### BACKGROUND

There was no preliminary hearing or probation report in this case. Although the People recited certain factual matters in its opposition to defendant's petition for resentencing, there was no stipulation to or admission of the facts recited there, so we may not rely on them. (See *People v. Triplett* (2016) 244 Cal.App.4th 824, 831, fn. 6 [where defendant admitted certain facts by agreeing with the prosecutor's representation, which aided his eligibility by showing the amount involved was less than $950].) We

2

therefore must rely on the factual basis as found by the court when it accepted defendant's change of plea and the allegations of the complaint.

On December 10, 2013, defendant entered L.A. Fitness and broke into a locker therein; he also entered a Dodge Ram with the intention of committing theft. On July 21 and again on December 20, 2013, defendant entered two separate L.A. Fitness establishments with the intention of committing theft. On December 23, 2013, defendant was in possession of a class ring, knowing it had been obtained by theft. On that same day, he was in possession of a credit card or access card that was issued to another, without the cardholder's consent, for the purpose of using it fraudulently.

On February 7, 2014, a complaint was filed alleging three counts of second degree burglary (Pen. Code, § 459, counts 1, 3, 4), one count of burglary of a locked motor vehicle (Pen. Code, § 459, count 2), one count of receiving stolen property (Pen. Code, § 496, subd. (a), count 5), and one count of acquiring or retaining access card account information with respect to an access card issued to another, without consent of the owner (Pen. Code, § 484e, subd. (d)). On February 26, 2014, defendant changed his plea to guilty as to all counts in return for an agreement by the People that he would be granted probation, pay restitution to the victim, and serve 180 days in jail.

On March 17, 2013, defendant was placed on three years formal probation on conditions that serve 180 days, with credit for four days served; the balance of the jail time was to be served on work release. The People indicated that victim restitution in the amount of $900 was to be imposed, and the court ordered defendant to pay that amount.

3

On November 4, 2014, the electorate passed Proposition 47, the Safe Neighborhoods and Schools Act, which reclassified commercial burglary involving less than $950 (Pen. Code, § 459.5), receiving stolen property (Pen. Code, § 496), and petty theft with a prior theft related offense (Pen. Code, § 666), among other non-serious felonies, as misdemeanors. The Act went into effect the next day. (Cal. Const., art. II, § 10.) After the effective date, grand theft involving property that does not exceed $950 is petty theft, unless the defendant has prior convictions for offenses specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of section 667, or for an offense requiring registration pursuant to section 290. (Pen. Code, § 490.2, subd. (a).)

On December 1, 2014, defendant filed a petition for resentencing and application for reduction to misdemeanor, as to all of his counts of conviction. On January 26, 2015, the People filed an opposition only as to counts one through four, and agreed the court may re-sentence defendant on counts five and six. On February 11, 2015, the People filed another opposition to defendant's petition for resentencing. In the facts section of the People's brief, the People indicated they did not believe defendant's conviction for possessing someone's credit card was eligible for reduction, although no argument was presented in the points and authorities, which addressed only the question of whether L.A. Fitness constituted a commercial establishment.

The matter came on for hearing on March 13, 2015, at which time defense counsel submitted on the issue as to whether the vehicle burglary qualified for reduction,

4

apparently conceding it was ineligible.[1]  As to counts one, three, and four, the court

found that the locker room of the L.A. Fitness did not qualify as a commercial

establishment.  It also found the vehicular burglary was ineligible based on the parties'

submission on that issue.  Further, it found that the acquisition or retention of an access

card (Pen. Code, § 484e, subd. (d)) was ineligible because it was not included in the

statute.  However, the court deemed the receiving stolen property count to be eligible for

resentencing because the amount of loss was less than $950.  The court therefore

resentenced defendant on count five to 180 days, with credit for 90 days actually served,

plus 90 days conduct credit pursuant to Penal Code section 4019.

Defendant appealed and obtained a certificate of probable cause.

## DISCUSSION

1. *L.A. Fitness, and All Its Interior Spaces, Constitutes a Commercial Establishment*.

Defendant argues that the trial court erred in finding that the locker room of L.A.

Fitness did not qualify as a "commercial establishment," within the meaning of Penal

Code section 459.5, rendering defendant ineligible for resentencing on counts one, three,

and four.  We agree.

We begin by reviewing the statutory language.  Proposition 47 created a new

sentencing provision in Penal Code section 1170.18.  (*People v. Rivera* (2015) 233

---

[1]  A burglary of a private individual's locked personal vehicle would not qualify as a burglary of a commercial establishment.

5

Cal.App.4th 1085, 1092.) In pertinent part, subdivision (a) of Penal Code section1170.18 provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a); *People v. Rivera, supra,* at p. 1092.)

Proposition 47 was intended to reduce penalties for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.) A person who satisfies the criteria in Penal Code section 1170.18, subdivision (a), shall have his or her sentence recalled and be resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (Pen. Code, § 1170.18, subd. (b).)

In interpreting a voter initiative such as Proposition 47, we apply the same principles that govern statutory construction. (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1099.) "'"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]"'

[Citation.]" (*Rivera, supra,* at p. 1099.)  To construe a voter initiative, the voters' intent governs.  (*Id.*, at pp. 1099-1100, citing *People v. Jones* (1993) 5 Cal.4th 1142, 1146.)

To determine voters' intent, we begin with the statutory language itself.  (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192-193.)  We look first to the words the voters used, giving them their usual and ordinary meaning.  (*Rivera, supra,* 233 Cal.App.4th at p. 1100.)  Where the language of a statute is unambiguous, the plain meaning controls.  (*People v. Leiva* (2013) 56 Cal.4th 498, 506.)  No published decision to date has found the language of Penal Code section 1170.18 to be vague or ambiguous.

The ballot pamphlet explained the purpose of the initiative was to save money while insuring that people convicted of murder, rape, and child molestation would not benefit from the act.  (Ballot Pamp., Gen. Elec. (Nov. 4, 2014), pp. 36-37, 70.)  The fiscal effects would be achieved by reducing the state prison and county jail populations, as well as the attendant court, prosecution and defense costs for non-serious property offenses, allowing investments in programs that reduce crime and improve public safety.  (*Id*. at pp. 37, 70.)  We conclude that the intent of the voters was to effectuate this purpose, and that it is having the desired effect.[2]  The purpose would not be well served

_____

[2]  According to the Legislative Analyst's Office, "the administration estimates that $29.3 million from the General Fund will be deposited into the Safe Neighborhoods and Schools Fund (SNSF) on July 31, 2016, based on its estimates of the savings and costs resulting from the implementation of Proposition 47."  (The 2016-2017: Fiscal Impacts of Proposition 47, Legislative Analyst, February 2016, http://www.lao.ca.gov/Reports/2016/3352/fiscal-impacts-prop47-021216.pdf, as of March 25, 2016, p. 7.)  This figure represents net savings, after deducting for the costs pertaining to increased parole population and resentencing costs.  (*Ibid.*)  The Administration estimates a total of $62.7 million in savings from the implementation of

*[footnote continued on next page]*

7

by a strained or narrow interpretation that results in further incarceration of non-violent and non-serious felons at public expense.

Proposition 47 amended the language of certain statutes that previously defined felony offenses, explicitly reduced a number of specified offenses from felonies to misdemeanors, and added new misdemeanor offenses to the Penal Code. (*People v. Chen* (2016) 245 Cal.App.4th 322, 326.) Pertinent to this case, the Act created a new crime of shoplifting, defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (Pen. Code, § 459.5, subd. (a).) Shoplifting, as defined in Penal Code section 459.5, subdivision (a), is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions. (*Ibid.*) Except where the defendant enters a commercial establishment with the intent to commit a non-larcenous crime within, any entry of a commercial establishment with intent to commit larceny therein constitutes shoplifting. (Pen. Code, § 459.5, subd. (a); see also, *People v. Bias* (2016) 245

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
Proposition 47 for Fiscal Year 2015-2016. (*Id.,* at p. 8.) This includes prison savings of $52.2 million, Department of State Hospitals savings of $8.7 million, and court savings of $1.7 million. (*Ibid.*) The Legislative Analyst commented that the prison and court savings are likely underestimated, and that the SNSF deposit in 2016-2017 could be around $100 million higher than the Administration's estimate of $29.3 million. (*Id.* at pp. 8-9.)

Cal.App.4th 302, 306-307.)  The question presented here is whether a commercial establishment includes all the interior areas.

Recent cases have referred to a number of dictionary and other definitions of the terms "commerce" and "establishment."  (See *In re J.L.*  (2015) 242 Cal.App.4th 1108, 1114 [concluding that a school is not a commercial establishment].)  However, no cases have defined the precise term, "commercial establishment," and we have found only one source, the Code of Federal Regulations, which actually defines the specific term, "commercial establishment."  Under that Code, a "commercial establishment" is an "establishment used for commercial purposes, such as bars, restaurants, private offices, fitness clubs, oil rigs, retail stores, banks and financial institutions, supermarkets, auto and boat dealerships, and other establishments with common business areas."  (37 C.F.R. § 258.2, subd. (a) [copyright regulation defining term].)

Nothing in the statutory language or the ballot pamphlet supports the position that the voters intended to limit the term "commercial establishment" to a "retail establishment."  (*People v. Root* (2016) 245 Cal.App.4th 353 [rejecting an argument that "shoplifting" is restricted to stealing goods or merchandise displayed in retail stores].)  To the contrary, if the voters had intended such a limitation, it would have been a simple matter to say so.  L.A. Fitness, a profit-making business, is a commercial establishment and the trial court appears to have acknowledged as much.  However, it went further to find that the locker room within L.A. Fitness was not a commercial establishment, based on information outside the record of conviction.

In considering a defendant's petition for resentencing, "the trial court must determine the facts needed to adjudicate eligibility based on evidence solely from the record of conviction." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327.) In other words, absent an agreement of the parties, the trial court's determination of eligibility is limited to the record of conviction. (*People v. Triplett, supra,* 244 Cal.App.4th at pp. 831-832.) The record of conviction in this case establishes that defendant was charged with entering L.A. Fitness with the intent to commit theft, and pled guilty to the same. In taking defendant's change of plea, the court asked, "[I]s it true that on December 10th, 2013, you went into the L.A. Fitness and you broke into a Dodge Ram with the intention of stealing something?" There is nothing in the record of conviction relating to the entry of a locker room.

Moreover, there was no agreement that the trial court could consider factual matters dehors the record of conviction. (See *People v. Triplett, supra,* 244 Cal.App.4th at pp. 831-832.) In *Triplett,* the reviewing court held "that in determining eligibility for sentence modification under the Act, a trial court . . . may also consider any factual stipulations or clear agreements by the parties that add to, but do not contradict, the record of conviction." (*Id.*, at p. 832.)

Here, the court agreed that LA Fitness was a commercial establishment. But it went further and found that the locker room of L.A. Fitness was not part of the commercial establishment. The locker room is not mentioned in the record of conviction. Instead, the court's finding was based on matters submitted by the People in its

10

opposition papers, without any agreement or stipulation of the parties that it might consider the information.[3]

Absent a stipulation or agreement by the parties, information which contradicts the record of conviction could not be considered by the court in ruling on defendant's petition for resentencing. Based on the record of conviction before us, the crime of which defendant was convicted was a burglary of a commercial establishment, during regular business hours, which is currently a misdemeanor if the amount taken or intended to be taken is less than $950. In the trial court, the People made no argument that the value of the property was more than $950, and the amount it sought for restitution was less than $950. Defendant is eligible for resentencing on counts one, three, and four.

   2. *A Felony Conviction of Unauthorized Possession of a Credit or Access Card Constitutes Larceny, Which Is a Misdemeanor Where the Value of the Victim's Loss is Less Than $950.*

Defendant argues that the denial of his petition for resentencing on count six, relating to the unauthorized possession of a credit card without consent of the holder, was error. He contends that the acquisition of a credit card without consent of the owner constitutes petty theft within the meaning of Penal Code section 490.2, added as part of Proposition 47. We agree.

---

[3] There may be situations in which a preliminary hearing transcript or other matter forms a part of the record of conviction, which may be considered without the need for a stipulation, but that is not before us.

11

Whether the credit card offense is considered a provision defining grand theft, theft of money, labor or property, valued at $950 or less, is a question currently pending before the California Supreme Court.[4] Nevertheless, we examine the statutory language.

Penal Code section 484e, subdivision (d) makes it "grand theft" to acquire account information with respect to an access card validly issued to another with the intent to defraud. (*People v. Molina* (2004) 120 Cal.App.4th 507, 519.) Penal Code section 490.2, adopted as part of Proposition 47, states that notwithstanding any other provision defining "grand theft," the theft of money, labor or property valued at $950 or less shall be considered misdemeanor petty theft. (Pen. Code, § 490.2, subd. (a).) Within the plain meaning of the statute, unauthorized use of a credit card of another without the consent of the cardholder pursuant to Penal Code section 484e, subdivision (d), constitutes grand theft. Where the value of the loss flowing from the theft is less than $950, the offense is a misdemeanor pursuant to Penal Code section 490.2.

Here, the record of conviction shows that defendant was ordered to pay victim restitution in the amount of $900, overall, at the People's instance and request. In the People's opposition to defendant's petition for resentencing and at the hearing on the petition, no argument was made that the amount of the victim's loss exceeded $950. We

---

[4] See, *People v. Grayson* (2015), formerly at 241 Cal.App.4th 454, review granted December 9, 2015, S231757; *People v. Cuen* (2016), formerly at 241 Cal.App.4th 1227, review granted January 20, 2016, S231107; *People v. Thompson* (2015), formerly at 243 Cal.App.4th 413, review granted March 9, 2016, S232212; *People v. King* (2015), formerly at 242 Cal.App.4th 1312, review granted February 24, 2016, S231888; and *People v. Romanowski* (2015), formerly at 242 Cal.App.4th 151, review granted January 30, 2016, S231405.

conclude the value of the loss was less than $950, rendering defendant eligible for resentencing on count six.

## DISPOSITION

The judgment is reversed and remanded for resentencing on counts one, three, four, and six.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:
HOLLENHORST
J.
McKINSTER
J.

13