Filed 8/22/16  P. v. Karas CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAGED LABIB KARAS,<br><br>    Defendant and Appellant. | B269388<br><br>(Los Angeles County<br>Super. Ct. No. A919390) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 11, 1987 Maged Labib Karas was convicted on two counts of second degree burglary (detached garage and automobile) (Pen. Code, § 459).[1] On September 1, 2015 Karas filed an application to have the felony convictions designated misdemeanors under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18). On October 20, 2015 the trial court denied the application, finding the offenses did not qualify as misdemeanors under Proposition 47.

Karas filed a timely notice of appeal, challenging the denial of his application.

We appointed counsel to represent Karas on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On April 19, 2016 we advised Karas he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the entire record and are satisfied Karas's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) The trial court correctly ruled that second degree burglary is not one of the theft offenses for which a defendant may seek reclassification pursuant to Penal Code section 1170.18, subdivision (a). (*People v. Chen* (2016) 245 Cal.App.4th 322, 326-327; *People v. Acosta* (2015) 242 Cal.App.4th 521, 526-527.)

---

[1]  Although the information from Los Angeles Superior Court case number A919390 contained in the record on appeal charged Karas with a single felony count of second degree burglary (detached garage), Karas stated in his application for resentencing that he had been convicted on two counts of burglary. The People similarly reported in their response to the application that Karas had suffered two convictions for burglarizing a detached garage and an automobile. The record does not include any other description of the charges or sentence.

**DISPOSITION**

The order is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

GARNETT, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.