Filed 10/3/16  P. v. Le CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B264196 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA108701) |
| v. | |
| HOA DUC LE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Hoa Duc Le appeals from the judgment entered after a jury convicted him of felony burglary of a vehicle and misdemeanor possession of burglary tools. He contends the trial court erred by imposing a felony sentence on his conviction for burglary of a vehicle because under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18),[1] the offense was a misdemeanor. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2015 a jury convicted Le of second degree burglary of a vehicle (§ 459), a felony, and possession of burglary tools (§ 466), a misdemeanor, after hearing evidence that he broke into a car parked at a mall, did not take anything from the car, and was arrested shortly afterward with a shaved key in his pants pocket.[2] The trial court sentenced Le on the conviction for burglary of a vehicle to three years in county jail, plus two one-year enhancements pursuant to section 667.5, subdivision (b), and on the conviction for possession of burglary tools to a concurrent term of six months. Le timely appealed.

## DISCUSSION

Le argues the trial court erred by imposing a felony sentence on his conviction for burglary of a vehicle under section 459 because Proposition 47 made that offense a

---

[1]     Statutory references are to the Penal Code.

[2]     "[A] shaved key is a standard vehicle key that has been shaved down with a metal file or other hard object to make it much slimmer than a regular key. A shaved key enables the user to bypass the pins in the ignition cylinder, so that the key may be used to start cars other than the one for which the key was designed, and to enter such cars as well." (*People v. Najera* (2008) 43 Cal.4th 1132, 1135.)

misdemeanor in cases where, as here, "the property taken or attempted to be taken is valued under $950." Even assuming Le did not forfeit the argument by failing to raise it in the trial court, Le's argument fails: Proposition 47 did not reduce the offense of burglary of a vehicle to a misdemeanor, regardless of the value of the property the defendant took or attempted to take.

Proposition 47, enacted by the voters on November 4, 2014, "'makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).'" (*People v. Morales* (2016) 63 Cal.4th 399, 404.) Proposition 47 effected these changes "by amending the language of certain statutes that previously defined felony offenses, explicitly reduc[ing] a number of specified offenses from felonies to misdemeanors," and by "add[ing] new misdemeanor offenses to the Penal Code." (*People v. Chen* (2016) 245 Cal.App.4th 322, 326 (*Chen*).) "The offenses amended or added by Proposition 47 are sections 459.5, 473, 476a, 490.2, 496, and 666, and Health and Safety Code sections 11350, 11357, and 11377." (*Ibid.*; see § 1170.18, subd. (a).)

Whether Proposition 47 applies to the offense of burglary of a vehicle is a question of statutory interpretation, which we review de novo. (See *People v. Bush* (2016) 245 Cal.App.4th 992, 1003.) In doing so, "we apply the same principles that govern statutory construction. [Citation.] Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.] If a penal statute is still reasonably susceptible to multiple constructions, then we ordinarily adopt the '"construction which is more favorable to the offender[.]"'" (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686; accord, *People v. Marks* (2015) 243 Cal.App.4th 331, 334; see *Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1043 (*Kempton*) ["[o]ur role as a reviewing court is to simply

3

ascertain and give effect to the electorate's intent guided by the same well-settled principles we employ to give effect to the Legislature's intent when we review enactments by that body"].)

Le concedes, and we agree, that the ordinary meaning of the language of Proposition 47 does not reduce the offense for burglary of a vehicle under section 459 to a misdemeanor. (See §1170.18 [listing the sections Proposition 47 added or amended]; *Chen*, *supra*, 245 Cal.App.4th at p. 326 ["[t]he offense of burglary as defined in section 459 is not one of the reduced offenses included in the text of Proposition 47, except to the extent that new section 459.5—the misdemeanor crime of shoplifting—now applies"]; *People v. Acosta* (2015) 242 Cal.App.4th 521, 526 ["neither car burglary [n]or its attempt [is] mentioned in the list of statutes reduced to a misdemeanor" by Proposition 47].)

Notwithstanding this concession, Le argues that other sections Proposition 47 added or amended create an ambiguity concerning whether voters intended to reduce burglary of a vehicle under section 459 to a misdemeanor when the value of property taken does not exceed $950. He argues that the voters' expressed intent to reduce certain theft offenses, including shoplifting (§ 495.5), which was previously punishable as burglary under section 459 (see *Chen*, *supra*, 245 Cal.App.4th at p. 326), suggests voters similarly intended to reduce all second-degree burglary offenses under section 459. As Le puts it: "The ambiguity exists because the voters specifically intended to reduce the punishment for theft offenses *like petty theft* (not limited to shoplifting) where the value of the property does not exceed $950."

We agree with the other courts that have rejected this argument. As the court explained in *Acosta*, *supra*, 242 Cal.App.4th 521, in rejecting the defendant's argument that burglary of a vehicle is within the "theft-related" provisions of Proposition 47, burglary of a vehicle is not "merely another form of theft, as theft is not an element of the offense." (*Id.* at p. 526; see *ibid.* [the "comparison of burglary of a motor vehicle to theft offenses fails"].) "'[T]he crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.'" (*Ibid.*) Burglary of a vehicle, in particular, "is committed by entry into 'vehicle as defined by the Vehicle Code, when

4

the doors are locked . . . with intent to commit grand or petit larceny.'" (*Ibid.*; see *People v. Magallanes* (2009) 173 Cal.App.4th 529, 535-536 [because "[a] burglary is committed when the defendant enters one of the premises specified in the statute with the intent to steal something or commit any felony," the "crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking"].) Thus, even assuming voters intended Proposition 47 to reduce the punishment for "theft offenses like petty theft," such an intent would not include the offense of burglary of a vehicle. (See *Acosta,* at p. 526 ["'[c]arjacking, like theft and robbery, *and unlike burglary*, is a crime centered on the felonious taking of property"].) Moreover, "[s]ection 459.5 [shoplifting] makes reference to no other type of burglary, and it provides no reason to believe that burglary of a locked motor vehicle is now a misdemeanor when the loss does not exceed $950." (*Id.* at p. 527.)

Thus, the statutory language of Proposition 47 makes clear that "[t]he offense of burglary, when charged as a felony under section 459, remains a felony offense following the passage of Proposition 47 unless the defendant's criminal conduct involved a theft from a commercial establishment, and the theft involved less than $950, in which case the offense is now shoplifting under section 459.5."[3] (*Chen*, *supra*, 245 Cal.App.4th at p. 327.) This is true of the offense of burglary of a vehicle in particular. (See *Acosta*, *supra*, 242 Cal.App.4th at pp. 526-527 [rejecting defendant's "effort to bring attempted car burglary within the purview of Proposition 47"].)

Because nothing in the ordinary meaning of the statutory language or the overall statutory scheme suggests voters intended Proposition 47 to reduce an offense for burglary of a vehicle to a misdemeanor, we need not resort, as Le suggests, to examining "other indicia of the voters' intent," such as the official ballot material, or relying on the rule of lenity. (See *People v. Rizo*, *supra*, 22 Cal.4th at pp. 685-686.) "'"'Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an

---

[3]     Le does not contend his offense for burglary of a vehicle meets the definition of shoplifting under section 459.5.

initiative measure [citation] and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.'"""' (*People v. Mulcrevy* (2014) 233 Cal.App.4th 127, 132.)  "'If the language of a voter-enacted measure is 'clear and unambiguous, there ordinarily is no need for construction. [Citations.]  We presume that the voters intended the meaning apparent on the face of the measure, and our inquiry ends.'" (*People v. Cordova* (2016) 248 Cal.App.4th 543, 557, review granted Aug. 31, 2016, S236179; see *Arias v. Superior Court* (2009) 46 Cal.4th 969, 979 ["[u]sually, there is no need to construe a provision's words when they are clear and unambiguous and thus not reasonably susceptible of more than one meaning"]; *People v. Curry* (2016) 1 Cal.App.5th 1073, 1076 ["'[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)'"]; *People v. Vasquez* (2016) 247 Cal.App.4th 513, 519 ["""'[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it'"""].)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.                                    GARNETT, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.