Filed 6/15/22  P. v. Earp CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080765 |
| Plaintiff and Respondent, | |
| v. | (Tulare Super. Ct. No. TCF107671) |
| DONNY YASHAWN EARP, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Smith, Acting P. J., Snauffer, J. and De Santos, J.

## INTRODUCTION

Appellant Donny Yashawn Earp filed a petition pursuant to Penal Code[1] section 1170.18 for the trial court to reclassify his felony conviction for second degree vehicular burglary to a misdemeanor. The court denied the petition. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2003, a felony complaint was filed in the Superior Court of Tulare County case No. TCF107671, charging appellant with count 1, attempted second degree burglary of a vehicle, an ice cream truck, the doors of said vehicle being locked, on March 24, 2003 (Pen. Code, §§ 664, 459); and count 2, burglary of a garage on August 14, 2002 (§ 459). He was also charged with second degree burglary of the following vehicles, all committed on March 17, 2003: count 3, a Dodge Dakota; count 4, a Nissan Maxima; count 5, a Ford Explorer; count 6, a Hyundai Elantra; count 7, a Buick Roadmaster; and count 8, a Jeep Cherokee. (CT 4-6)

On June 24, 2003, appellant pleaded to count 1, attempted second degree vehicular burglary of an ice cream truck, and count 3, second degree vehicular burglary of a Dodge Dakota. The court placed him on probation for three years subject to certain terms and conditions.

On April 14, 2005, the court revoked and terminated appellant's probation and sentenced him to 16 months in prison for felony count 1.

## PROPOSITION 47

Proposition 47 was approved in November 2014, and "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added … section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 870–871, fn. omitted.)

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief … may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction." (*Ibid*.)

**Appellant's Petition**

On November 4, 2019, appellant filed, in pro. per., a petition pursuant to section 1170.18 to reclassify his felony conviction for attempted second degree burglary in case No. TCF107671 to a misdemeanor.

On December 18, 2019, the People filed a response and stated appellant's conviction for attempted second degree burglary was ineligible for reclassification.

On December 20, 2019, the court held a hearing, stated appellant's conviction was ineligible for reclassification, and denied his petition.

Appellant filed a timely notice of appeal of the court's denial of his petition.[2]

---

[2] Appellate counsel initially filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496, raised no issues, and requested this court independently review the record. Thereafter, appellate counsel filed a motion to substitute the *Serrano* brief with a *Wende* brief. We grant this motion, strike the *Serrano* brief, order the *Wende* brief filed, and consider this matter pursuant to his *Wende* brief.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. We invited appellant to submit additional briefing.

### Appellant's Supplemental Brief

Appellant has filed supplemental briefing and argued the trial court abused its discretion when it refused to reduce his felony conviction for attempted vehicular burglary to a misdemeanor, such as shoplifting in violation of section 495.5, or petty theft in violation of section 490.2 when the value of the property was less than $950, because vehicular burglary was a theft offense subject to reduction under Proposition 47.

Appellant requested this court to take judicial notice of several of his prior convictions, challenged the validity of his pleas, admissions, and sentences in these unrelated cases, and argued he should also be resentenced in these cases. Appellant requested this court to take judicial notice of the ballot pamphlet information about Proposition 47 and consolidate the instant appeal with his pending appeal in case No. F080764.

### Analysis

The trial court properly denied appellant's section 1170.18 petition to reduce his felony conviction for attempted second degree vehicular burglary to a misdemeanor. "Proposition 47, by amending the language of certain statutes that previously defined felony offenses, explicitly reduced a number of specified offenses from felonies to misdemeanors. It added new misdemeanor offenses to the Penal Code. The offenses amended or added by Proposition 47 are sections 459.5, 473, 476a, 490.2, 496, and 666, and Health and Safety Code sections 11350, 11357, and 11377. The offense of burglary as defined in section 459 is not one of the reduced offenses included in the text of

4.

Proposition 47, except to the extent that new section 459.5 – the misdemeanor crime of shoplifting – now applies." (*People v. Chen* (2016) 245 Cal.App.4th 322, 326.)

"Proposition 47 made no changes to sections 459, 460 or 461, nor did it explicitly reduce all prior felony second degree burglary offenses to misdemeanor second degree burglary offenses." (*People v. Chen, supra*, 245 Cal.App.4th at p. 326.) Appellant's "effort to bring attempted car burglary within the purview of Proposition 47 fails, as neither car burglary not it's attempt is mentioned in the list of statutes reduced to a misdemeanor." (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526.)

In addition, vehicular burglary does not fall within the theft-related provisions of Proposition 47 because burglary of a motor vehicle is not another form of theft, "as theft is not an element of the offense. Burglary of a motor vehicle is committed by entry into 'a vehicle as defined by the Vehicle Code, when the doors are locked … with intent to commit grand or petit larceny.' [Citation.] '[T]he crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.' " (*People v. Acosta, supra*, 242 Cal.App.4th at p. 526.) Moreover, section 459.5, which created the offense of misdemeanor shoplifting, is limited to " 'entering a commercial establishment with intent to commit larceny *while that establishment is open during regular business hours,* where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).' [Citation.] Section 459.5 makes reference to no other type of burglary, and it provides no reason to believe that burglary of a locked motor vehicle is now a misdemeanor when the loss does not exceed $950. The narrowly drawn shoplifting statute reflects an intent to mitigate punishment only as to one type of offender, but not as to others … who engage in criminal conduct not identified in Proposition 47." (*People v. Acosta,* at pp. 526–527, italics added in original.)

Appellant was convicted of felony attempted second degree vehicular burglary, he was not convicted of a felony offense that Proposition 47 reclassified as a misdemeanor, and he is not eligible for resentencing.

As for appellant's other contentions, he cannot challenge the validity of the convictions and sentences in his other cases in this appeal from the denial of his section 1170.18 petition for resentencing in case No. TCF107671. We also deny appellant's request to take judicial notice of the ballot pamphlet materials for Proposition 47 and his other prior convictions, and to consolidate the instant appeal with his pending appeal in case No. F080764.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

Appellant's motion to strike his *Serrano* brief and file his *Wende* brief is granted. Appellant's motions for judicial notice and consolidation are denied.

The court's order denying appellant's section 1170.18 petition is affirmed.