Filed 12/18/23  P. v. Owens CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CURTIS JAMES OWENS, <br><br> Defendant and Appellant. | F086336 <br><br> (Super. Ct. No. CF99638241) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Smith, J.

## INTRODUCTION

Petitioner Curtis James Owens filed a petition for recall of sentence and resentencing pursuant to Proposition 47 and Penal Code[1] section 1170.18. The superior court denied the petition on the ground petitioner was not entitled to relief.

Petitioner's appointed counsel asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Petitioner was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Petitioner responded, contending he is entitled to an evidentiary hearing regarding whether the value of property he took exceeded $950 and whether resentencing him would pose an unreasonable risk of danger to public safety.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to petitioner.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 1999, the Fresno County District Attorney filed an information charging petitioner with two counts of second degree vehicle burglary (§ 459; counts 1-2) and one misdemeanor count of possession of burglar's tools (§ 466). The information also alleged that petitioner had suffered six strike priors. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

On November 5, 1999, a jury found petitioner guilty on count 1 of attempted second degree vehicle burglary, on count 2 of second degree vehicle burglary, and on count 3 of possession of burglar's tools. In bifurcated proceedings, the court found true all six strike priors. Petitioner was sentenced to concurrent terms of 25 years to life in prison pursuant to sections 667, subdivisions (b) through (i) and 1170.12.

On January 3, 2023, petitioner filed a petition pursuant to section 1170.18, subdivision (a) to recall his sentence and reduce his felony convictions to misdemeanors.

---

[1] Undesignated statutory references are to the Penal Code.

The matter was heard on May 8, 2023. The trial court stated it had read this court's opinion in *People v. Owens* (Aug. 25, 2015, F067362) [nonpub. opn.] (*Owens*)[2]), which the court viewed as rejecting "everything [petitioner] is raising" in the instant petition. The court stated, "I don't believe this Court has any jurisdiction to take any further action. If I had further jurisdiction, I would not change my opinion in any way. I believe everything has been fully addressed, and, therefore, the petition is denied."

This timely appeal followed.

## **DISCUSSION**

Proposition 47, the Safe Neighborhoods and Schools Act, was approved in November 2014, and "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added . . . section 1170.18, which permits those previously

---

[2] We grant petitioner's request for judicial notice of the opinion in *Owens*, *supra*, F067362. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a)(1).) There, petitioner sought review of the denial of his petition pursuant to the Three Strikes Reform Act of 2012 (Proposition 36), which created a "postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies." (*Owens*, *supra*, F067362.) We held "(1) the People met their burden of proving, by a preponderance of the evidence, facts on which a finding that resentencing [petitioner] would pose an unreasonable risk of danger to public safety reasonably could be based; (2) the trial court's finding [petitioner] posed a risk to the community was sufficient, under the circumstances, to establish an unreasonable risk of danger to public safety, and the trial court did not abuse its discretion in so finding; (3) the trial court's finding of dangerousness did not violate [petitioner]'s Sixth Amendment right to a trial by jury; (4) the trial court did not erroneously apply collateral estoppel to contested rules violations; (5) any error in the trial court's refusal of defense evidence was harmless; (6) [petitioner] has failed to establish ineffective assistance of counsel; (7) [petitioner] had no right to a continuance to allow him the opportunity to prove himself; and (8) recently enacted section 1170.18, subdivision (c) does not modify section 1170.126, subdivision (f)." (*Ibid.*) Accordingly, we affirmed. (*Ibid.*)

3.

convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted.)

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief . . . may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction." (*Ibid.*)

At the time petitioner committed his offenses, "the offense of second degree burglary was a wobbler, chargeable as either a felony or as a misdemeanor." (*People v. Chen* (2016) 245 Cal.App.4th 322, 326 (*Chen*); see §§ 459, 460, subds. (a)-(b), 461, subd. (b).) Section 459 provided, as it does now, that burglary of a motor vehicle is committed by entry into "[a] vehicle as defined by the Vehicle Code, when the doors are locked . . . with intent to commit grand or petit larceny." Section 460 provided, as it does now, that certain forms of burglary not relevant here are burglary in the first degree, while "[a]ll other kinds of burglary are of the second degree." (§ 460, subds. (a)-(b).) Section 461 provided that burglary in the second degree was punishable by "imprisonment in the county jail not exceeding one year in the state prison."[3] (Former § 461.)

Proposition 47 made no changes to the statutes governing second degree burglary, "nor did it explicitly reduce all prior felony second degree burglary offenses to misdemeanor second degree burglary offenses." (*Chen*, *supra*, 245 Cal.App.4th at

[3] Section 461 is now differently worded but substantively the same, providing that burglary in the second degree is punishable by "imprisonment in the county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170."

p. 326.) "The offenses amended or added by Proposition 47 are . . . sections 459.5, 473, 476a, 490.2, 496, and 666, and Health and Safety Code sections 11350, 11357, and 11377. The offense of burglary as defined in section 459 is not one of the reduced offenses included in the text of Proposition 47," except to the extent one of the new theft-related statutory exceptions applies. (*Chen*, at p. 326.)

Petitioner's reliance on the theft-related provisions of section 490.2 is misplaced. Section 490.2, subdivision (a) provides that "obtaining any property by theft where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," except where certain exceptions apply. But, "burglary of a motor vehicle is [not] merely another form of theft, as theft is not an element of the offense." (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526 (*Acosta*).) " '[T]he crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.' " (*Ibid.*) Burglary is not " 'a crime centered on the felonious taking of property.' " (*Ibid.*)

In sum, felony car burglary and felony attempted car burglary were not reduced to misdemeanors by Proposition 47 and they are unaffected by section 490.2. Accordingly, petitioner was not convicted of a felony offense that is now reduced to a misdemeanor offense under Proposition 47. As a result, he is not eligible for relief pursuant to section 1170.18 and his petition properly was denied without an evidentiary hearing.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The trial court's May 8, 2023 order denying the petition is affirmed.

5.