Filed 8/24/16  P. v. Renk CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051671 |
| v. | (Super. Ct. No. 04WF1276) |
| MICHAEL JASON RENK, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Michael Jason Renk appeals from an order denying his petition under Penal Code section 1170.18, subdivision (f) for, inter alia, the reduction of his felony convictions for forgery and second degree commercial burglary to misdemeanors. (All further statutory references are to the Penal Code.) We affirm the order because Renk failed to carry his burden of establishing eligibility for relief under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), by producing evidence that the value of the check that he forged or the property that he had intended to steal in the commission of the second degree commercial burglary did not exceed $950.

BACKGROUND

In May 2004, Renk was charged in a felony complaint with three felony counts of forgery in violation of section 470, subdivision (d); three felony counts of second degree commercial burglary in violation of sections 459 and 460, subdivision (b); and one misdemeanor count of resisting and obstructing an officer in violation of section 148, subdivision (a)(1). He pleaded guilty as charged, stating the following as the factual basis for his plea: "On 5/4/04 I willfully & unlawfully did the following acts: [¶] (1) passed a counterfeit check knowing it was forged & [¶] (2) entered Cash Plus, a commercial building, with the intent to commit larceny & [¶] (3) I resisted & obstructed Officer Shroyer, a peace officer, in the performance of his duties. [¶] On 5/3/04, I willfully & unlawfully did the following acts: [¶] (1) enter[ed] Low's Liquor, a commercial building, with the intent to commit larceny AND (2) passed a counterfeit check, knowing it was false AND (3) enter[ed] Low['s] Liquor with the intent to commit larceny & [¶] (4) passed a counterfeit check knowing it was forged."

The trial court suspended imposition of sentence and placed Renk on three years' formal probation on terms and conditions including that he serve 210 days in the Orange County jail. In 2006, Renk's probation was revoked and he was sentenced to 16 months in prison.

2

In December 2014, Renk filed a petition under section 1170.18, subdivision (f), seeking to have his six felony convictions recalled and reduced to misdemeanors (the petition). The prosecution opposed the petition as to one of the counts of second degree commercial burglary and one of the counts of forgery, charged as counts 1 and 2 in the felony complaint, "because the value of the cashed check was approximately $1,400." (There is no evidence in the record regarding the amount of the check apparently at issue with regard to those two counts.) The trial court denied the petition as to those two counts, and granted the petition as to the remaining felony counts. Renk appealed.

DISCUSSION

In 2014, the voters enacted Proposition 47, which makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089, 1091.) Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors. (*Id.* at p. 1091.) Proposition 47 added, among other things, sections 490.2 and 1170.18 to the Penal Code. (*People v. Rivera*, *supra*, at pp. 1091-1092.)

Section 490.2, subdivision (a) provides that "obtaining any property by theft" constitutes a misdemeanor where the value of the property taken does not exceed $950. (See *People v. Acosta* (2015) 242 Cal.App.4th 521, 525.) Section 1170.18, subdivision (f) provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

3

Proposition 47 added section 459.5, which provides that, notwithstanding section 459 defining burglary, "*shoplifting* is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where *the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).*  Any other entry into a commercial establishment with intent to commit larceny is burglary.  *Shoplifting shall be punished as a misdemeanor*, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170.  [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting.  No person who is charged with shoplifting may also be charged with burglary or theft of the same property."  (Italics added.)

Section 473, as amended by Proposition 47, provides in part:  "(a) Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170.  [¶] (b) Notwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, *where the value of the check*, bond, bank bill, note, cashier's check, traveler's check, or money order *does not exceed nine hundred fifty dollars ($950)*, shall be punishable by imprisonment in a county jail for not more than one year."  (Italics added.)[1]

---

[1] In *People v. Salmorin* (2016) 1 Cal.App.5th 738, 744-745, the appellate court held in part:  "[F]or purposes of resentencing under Proposition 47, the value of a forged check is the face value of the check.  Under Proposition 47, the market value of any forged instrument listed in section 473, subdivision (b), may or may not correspond to the face value of the instrument, depending on the existence of a secondary market or other evidence of value.  In the context of forgery, however, the word 'value' as used in section 473, subdivision (b), corresponds to the stated value or face value of the check.

4

No evidence in the record shows the value of the property that Renk had intended to steal in committing the second degree commercial burglary or the value of the check that he forged. Renk had the burden of showing the facts establishing his eligibility for relief under Proposition 47, including that the value of the intended stolen property or the forged check did not exceed $950. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 877 [section 1170.18 places the burden on the petitioner to show that the value of the item at issue did not exceed $950]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450 [same]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 [same]; *People v. Bush* (2016) 245 Cal.App.4th 992, 1007 [same].) Because Renk failed to carry that burden, the petition was properly denied as to counts 1 and 2 of the felony complaint.

DISPOSITION

The postjudgment order is affirmed. This affirmance is without prejudice to the trial court's consideration of a subsequent petition by Renk, which offers evidence of his eligibility for the requested relief.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

---

The trial court did not err in considering the face value of the forged checks for purposes of determining [the defendant]'s eligibility for Proposition 47 resentencing."